DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} The State of Ohio (Appellant) appeals the decision of the Summit County Court of Common Pleas. The court ordered Defendant, Ronald Earley, to pay court costs after he pled guilty to one count of Notice of Change of Address, in violation of R.C.2950.05. We find that we have no jurisdiction to hear this appeal.
 {¶ 2} On December 14, 2005, Defendant appeared before the trial court on the charge of Notice of Change of Address, a third degree felony. Defendant, a registered sex offender, had changed his address but he had failed to inform the proper authorities. Defendant pled guilty to the charge and the trial court accepted his plea. The court did not sentence Defendant to incarceration or to community control, and instead only ordered that Defendant pay court costs.
 {¶ 3} Appellant, the State of Ohio, makes the following assignment of error:
"The trial court committed error when sentencing the defendant to court costs for a felony of the third degree."
We find that the trial court's journal entry does not satisfy the requirements of Crim.R. 32(C), and that the trial court has therefore not issued a final appealable order. For that reason, we find that we do not have jurisdiction over this appeal.
 {¶ 4} Crim.R. 32(C) says, in pertinent part, "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." The rule clearly requires that the judgment include the finding of the court if there is no jury verdict. In this case, Defendant pled guilty during a pre-trial hearing. The court heard the plea and engaged in a colloquy with Defendant regarding his rights. It then ordered Defendant to pay court costs. The subsequent Journal Entry read as follows:
"Thereupon, by plea agreement, said Defendant retracts his plea of Not Guilty heretofore entered, and for plea to said Indictment, says he is not guilty of notice of change of address, as contained in Count 1 of the Indictment, Ohio Revised Code Section 2950.05, a felony of the third (3rd) degree, which offense occurred on or about September 27, 2005, which plea, voluntarily made and with a full understanding of the consequences, is accepted by the Court.
"Thereupon, the Court inquired of the said Defendant if he had anything to say why judgment should not be pronounced against him; and having nothing but what he had already said and showing no good and sufficient cause why judgment should not be pronounced:
"It is hereby ordered that Defendant pay the costs of this prosecution [.]"
At no point did the court make a finding of Defendant's guilt as required by Crim.R. 32(C). Because the Journal Entry does not satisfy Crim.R. 32(C), it is not a final appealable order, and does not give this court jurisdiction over the claim.
 {¶ 5} Appellant has raised, in its only assignment of error, the question of whether the penalty imposed by the trial court is valid. While the argument made by Appellant revolves around whether the trial court properly sentenced within the statutory mandates, we note that the putative sentence questioned by the state may also fall short of the requirements of Crim.R. 32(C) because it is merely an assessment of costs and not an imposition of any type of sentence. However, we decline to address whether or not the sentence is sufficient because we determine that the court's finding is insufficient to constitute a final appealable order.
 {¶ 6} Because this court lacks jurisdiction to hear this appeal, the appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J. Boyle, J. concur.