DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant appeals his sentence and adjudication as a sexual predator in the Wayne County Court of Common Pleas. Defendant was charged with attempted sexual conduct with a minor and importuning.
 {¶ 2} On April 21, 2005, a grand jury indictment was filed against Defendant. The charges arose from a meeting Defendant arranged over the internet with a person whom he believed to be a fourteen-year-old girl. In reality, the person with whom he had arranged the meeting was an undercover law enforcement officer posing as a child. On March 20, 2005, when Defendant arrived at the designated location to meet the child, he was arrested and charged *Page 2 
with importuning and attempted sexual conduct with a minor. Defendant pled guilty to both counts on March 23, 2006. He was sentenced to consecutive terms of eighteen months and twelve months, in addition to post-release control. He was also adjudicated a sexual predator.
 {¶ 3} While Defendant was under indictment in Wayne County but before the resolution of that case, Defendant was arrested in Ashland County for attempting sexual contact with a minor child. During the course of their investigation after the second arrest, police found a quantity of child pornography on Defendant's computer in the form of images and video clips. This pornography included, among other things, children as young as ten years involved in oral sex.
 {¶ 4} Initially, Defendant pled not guilty to the charges in Wayne County. He later changed his plea to guilty on March 23, 2006. The court postponed sentencing until after a pre-sentence investigation could be conducted. Defendant was sentenced on May 3, 2006, and the sentencing entry and judgment entry of the sexual predator adjudication were filed May 5, 2006.
 {¶ 5} Defendant now appeals both the trial court's sentence and his adjudication as a sexual predator, raising two assignments of error. We will address the second assignment of error first.
 SECOND ASSIGNMENT OF ERROR "The trial court's decision sentencing [Defendant] to maximum consecutive sentences was contrary to law." *Page 3 
 {¶ 6} Defendant contends that the trial court erred in sentencing him as it did. We do not reach this assignment of error because we lack jurisdiction to decide questions about the sentencing entry, as the trial court failed to comply with Crim.R. 32(C) in taking Defendant's plea and preparing the sentencing entry. See State v. Earley, 9th Dist. No. 23055, 2006-Ohio-4466.
 {¶ 7} We are obligated to raise sua sponte questions related to our jurisdiction. Whitaker-Merrell Co. v. Geupel Constr. Co. (1972),29 Ohio St.2d 184, 186. Crim.R. 32(C) sets forth the following requirements for a judgment entry of conviction: "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." This Court explained in Earley that the trial court must include the finding in a sentencing entry in order for that entry to be a final appealable order. See Earley at ¶ 4. An order lacking a finding is not final and appealable, and this Court lacks jurisdiction to consider an appeal from such an order. Id. See, also, Section 3(B)(2), Article IV, Ohio Constitution; State v. Tripodo (1977), 50 Ohio St.2d 124, 127.
 {¶ 8} The Earley decision went largely unrecognized and trial courts have continued to issue orders that lack findings or other elements of Crim.R. 32(C). As a result, this court recently decided State v.Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353, in which it clearly enumerated and explained the elements of Crim.R. 32(C) that must be present in a judgment entry of conviction in order for that entry to constitute a final appealable order. *Page 4 
 {¶ 9} Crim.R. 32(C) states, in pertinent part, that,
 "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment entry and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 10} This Court observed in Miller that Crim.R. 32(C) sets forth five elements that must be present in any judgment of conviction in order for that judgment entry to be final and appealable:
 1. the plea;
 2. the verdict or findings;
 3. the sentence;
 4. the signature of the judge; and
 5. the time stamp of the clerk to indicate journalization. See Miller at ¶ 5.
 {¶ 11} The first element required under Crim.R. 32(C) is the plea.Miller held as follows:
 "For judgment entries entered after this decision is journalized, this Court will not search the record to determine what plea the defendant entered. The trial court's judgment entry must comply fully with Crim.R. 32(C) by setting forth the defendant's plea of not guilty, guilty, no contest, or not guilty by reason of insanity." Miller at ¶ 11-10.
 {¶ 12} See, also, State v. Williams, 9th Dist. No. 06CA008927,2007-Ohio-1897 (clarifying the Miller decision as it relates to the Crim.R. 32(C) requirement that a plea be included in the trial court judgment entry). This was the only aspect of the Miller decision to be applied prospectively, as it overruled this Court's prior *Page 5 
decision in State v. Morrison (Apr. 1, 1992), 9th Dist. No. 2047, which had allowed an exception to the plea requirement in circumstances in which a defendant had pled not guilty and had proceeded to a trial.Miller held that the Morrison plea exception was overruled, and that there was no longer any exception to the plea requirement. After the journalization of Miller, any sentencing orders journalized in the trial court must include the defendant's plea, regardless of how he pled and regardless of the circumstances of the case. The narrow holding inMiller does not apply in the instant case because the judgment entry in this case indicates that Defendant pled guilty. However, becauseMiller reiterated in detail the Crim.R. 32(C) requirements for a final appealable order, and because Earley did not have the impact this Court had hoped for, we will again examine the sentencing entry in this case using the framework in Miller.
 {¶ 13} We proceed to the Crim.R. 32(C) requirement that the order include the verdict or findings, as that requirement was discussed inMiller:
 "Following either a jury trial or a bench trial, the trial court must set forth the verdict in the judgment entry. The verdict is the `jury's finding or decision on the factual issues of a case.' State v. Lomax, 96 Ohio St.3d 318, 2002-Ohio-4453, ¶ 23. In the case of a plea of guilty or no contest, the trial court must enter its finding on the plea." Miller at ¶ 11.
 {¶ 14} This Court explained in Miller that "in the context of a guilty or no contest plea, it is also not sufficient for the trial court to note only that it accepted the defendant's plea. The trial court must enter a finding of guilt to comply with Crim.R. 32(C)." Miller at ¶ 14 (Emphasis added). See, also, State v. Sandlin, 4th *Page 6 
Dist. No. 05CA23, 2006-Ohio-5021, at ¶ 11 (stating that the imposition of a sentence does not satisfy this element of Crim.R. 32(C), which "requires that the verdict [or finding] itself be recorded in the court's journal," and that "[w]ithout the journalization of this information, there is no judgment of conviction pursuant to Crim.R. 32(C) and therefore, no final appealable order."); State v. Meese, 5th Dist. No. 2005AP11075, 2007-Ohio-742, at ¶ 8 (stating that the trial court's notation that a defendant has "previously been found `GUILTY'" does not satisfy finding requirement of Crim.R. 32(C).)
 {¶ 15} The judgment entry in this case does not contain any finding by the court after Defendant's guilty plea. The court "found" that defendant had pled guilty, but it did not making a finding of his guilt. This does not comply with Crim.R. 32(C). The trial court must instead make a finding of Defendant's guilt in order to satisfy Crim.R. 32(C).
 {¶ 16} In addition to the plea and the verdict or findings, Crim.R. 32(C) also requires that the sentence be included. The trial court did include the sentence in this case, and therefore the judgment entry complies with Crim.R. 32(C) in that respect. See Miller at ¶ 17.
 {¶ 17} The final element to be contained in a judgment entry according to Crim.R. 32(C) is the signature of the trial court judge. This entry contains the judge's signature, and therefore complies with Crim.R. 32(C) in that respect. See Miller at ¶ 18. *Page 7 
 {¶ 18} Crim.R. 32(C) requires that the judgment entry containing each of the elements enumerated above be time stamped by the clerk to indicate journalization. This order does bear the clerk's time stamp, and has therefore been properly journalized in accordance with Crim.R. 32(C). See Miller at ¶ 19.
 {¶ 19} Because the trial court's judgment entry fails to comply with Crim.R. 32(C) in that it lacks the trial court's finding of Defendant's guilt, we dismiss for lack of subject matter jurisdiction that part of Defendant's appeal resulting from the sentencing, on the grounds that the trial court has not rendered a final appealable order. As this Court indicated in Miller,
 "We encourage the trial court to enter a judgment entry as soon as possible that complies with Crim.R. 32(C). After the trial court files that entry, if Defendant desires to appeal, [she] must file a new notice of appeal. The parties may then move this Court to transfer the record from this appeal to the new appeal and to submit the matter on the same briefs as were filed in this case and we will consider the appeal in an expedited fashion. See, e.g., Sandlin, n. 4." Miller at ¶ 20.
 FIRST ASSIGNMENT OF ERROR "The trial court's classification as of (sic) [Defendant] as a sexual predator was erroneous, against the manifest weight of the evidence, and an abuse of discretion."
 {¶ 20} Defendant appeals the trial court's decision to designate him a sexual predator based upon his guilty plea and the evidence compiled against him. We reverse the decision of the trial court.
 {¶ 21} Initially, we find that we may proceed to consider Defendant's appeal of his sexual predator designation separately from his appeal of his *Page 8 
sentence, despite the fact that the sentencing entry was not a final appealable order. The statute governing sexual predator adjudications, R.C. 2950.09, specifically provides for an offender's appeal as of right upon the trial court's determination: "The offender * * * and the prosecutor who prosecuted the offender * * * for the sexually oriented offense in question may appeal as a matter of right the court's determination under this division as to whether the offender * * * is, or is not, a sexual predator." R.C. 2950.09(B)(4). Moreover, R.C. 2950.09
does not require that a defendant be sentenced before the trial court holds a hearing to decide whether an offender is a sexual predator. "[A] person who is convicted of or pleads guilty to, [or] has been convicted of or has pleaded guilty to * * * a sexually oriented offense may be classified as a sexual predator[.]" R.C. 2950.09(A).) Instead, the statute requires only that an offender be convicted of or plead guilty to a sexually oriented offense. R.C. 2950.09(A). The statute further states that that "the judge shall conduct the [sexual predator hearing]prior to sentencing[.]" R.C. 2950.09(B)(2) (Emphasis added.)
 {¶ 22} Once the trial court has determined that an offender is a sexual predator, the offender is subject to restrictions and requirements that entitle him to an appeal from that determination. R.C.2505.02 provides that "an order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: * * * (2) An order that affects a substantial right made in a special proceeding[.]" R.C. 2505.02(B)(2). First, the sexual *Page 9 
predator adjudication, created by R.C. 2905.09, is a special proceeding according to the statute, which defines a special proceeding as "an action or proceeding that is specially created by statute[.]" R.C.2505.02(A)(2). Second, because a determination that an offender is a sexual predator will affect where an offender may live (R.C. 2950.031) and will impose upon him the duty to register with law enforcement where he lives and works (R.C. 2950.03), the designation affects a substantial right, which the statute defines as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C.2505.02(A)(1). For each of these reasons, we find that we may proceed to address alleged errors in a trial court's adjudication of a defendant as a sexual predator despite the fact that the sentencing order is not final and appealable.
 {¶ 23} The trial court in the instant case heard Defendant's plea on March 23, 2006. However, the judgment entry of adjudication as a sex offender opens as follows: "A hearing was held on February 14, 2006 to determine whether the defendant should be classified as a sexual predator." (Emphasis added). The statute requires that a defendant plead or be convicted prior to a sexual predator adjudication hearing. R.C.2950.09(A). If Defendant did not plead until March 23, 2006, the trial court could not properly conduct a hearing on February 14, 2006. Although this court reviews a trial court's determination that a defendant is a sexual predator for clear error, this court cannot reach the merits of the sexual *Page 10 
predator hearing and the competence or credibility of the evidence presented, as the hearing was not conducted in accordance with R.C.2950.09(B).
 {¶ 24} We do not reach the merits of Defendant's first assignment of error for the reasons given above. The trial court's adjudication of Defendant as a sexual predator is reversed and the issue remanded to the trial court for further action consistent with this court's decision. Defendant's assignment of error with respect to the sentencing entry is dismissed for lack of a final appealable order.
Appeal dismissed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 11 
Costs taxed to both parties equally.
 WHITMORE, J. MOORE, J. CONCUR *Page 1