DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
 {¶ 1} Defendant/Appellant, Larry Bashlor, appeals the decision of the Lorain County Court of Common Pleas imposing a definite time period of post-release control after Defendant was previously found guilty on two drug charges. We dismiss the appeal.
 {¶ 2} On October 18, 2002, Defendant pled guilty to charges of illegal manufacturing of drugs, a first-degree felony and illegal assembly or possession of chemicals for manufacture of drugs, a third-degree felony. The trial court accepted Defendant's plea, reviewing the terms of the plea agreement and noting that at the conclusion of his sentence, Defendant would be released on post-release *Page 2 
control sanctions. Defendant indicated his understanding of the terms of the plea agreement and the imposition of post-release control. The trial court then sentenced Defendant to five years for each count, to be served consecutively, costs, and a six month driving suspension to commence on the day Defendant was placed on post-release control.
 {¶ 3} On August 11, 2006, the trial court resentenced Defendant, sua sponte, pursuant to R.C. 2929.191 because the trial court did not set forth the time period of Defendant's post-release control obligation at his original sentencing hearing. Two entries were issued from the August 11, 2006 resentencing. The first entry imposed a sentence to "include all of the previous terms and conditions" and referenced a "post-release control entry" ("Judgment Entry One"). The second entry was entitled "Post-Release Control Entry" and imposed a mandatory five-year term of post-release control ("Judgment Entry Two"). Judgment Entry One and Judgment Entry Two shall be collectively referred to as the "Judgment Entry."
 {¶ 4} Defendant timely appeals the Judgment Entry and raises one assignment of error.
 Assignment of Error "The trial court's `after-the-fact' resentencing violated [Defendant's] right to due process, as well as his right to be free from double jeopardy and ex post facto legislation. Article I, Section 10, United States Constitution; Fifth and Fourteenth Amendment, United States Constitution; R.C. 2953.08 (Tabs C, D, E and G; A-4, A-5, A-6, and A-14.)" *Page 3 
 {¶ 5} Defendant challenges his sentence as being an unconstitutional violation of the prohibition of ex post facto enforcement of judicial decision. However, we do not reach Defendant's argument because the trial court has not complied with Crim.R. 32(C). State v. Earley, 9th Dist. No. 23055, 2006-Ohio-4466. Specifically, the trial court's judgment entry, from which Defendant appeals, does not set forth a plea, findings, or Defendant's complete sentence, and is not a final appealable order.
 {¶ 6} We are obligated to raise sua sponte questions related to our jurisdiction. Whitaker-Merrell Co. v. Geupel Constr. Co. (1972),29 Ohio St.2d 184, 186. Crim.R. 32(C) sets forth the following requirements for a judgment entry of conviction: "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." This Court explained in Earley that the trial court must include a finding in a sentencing entry in order for that entry to be a final appealable order. See Earley at ¶ 4. An order lacking a finding is not a final and appealable order, and this Court lacks jurisdiction to consider an appeal from such an order. Id. See, also, Section 3(B)(2), Article IV, Ohio Constitution; State v. Tripodo (1977), 50 Ohio St.2d 124, 127.
 {¶ 7} The Earley decision went largely unrecognized and trial courts have continued to issue orders that lack findings or other elements of Crim.R. 32(C). As a result, this court recently decided State v.Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353, in which it clearly enumerated and explained the elements of *Page 4 
Crim.R. 32(C) that must be present in a judgment entry of conviction in order for that entry to constitute a final appealable order. See, alsoState v. Williams, 9th Dist. No. 06CA008927, 2007-Ohio-1897.
 {¶ 8} Crim.R. 32(C) states, in pertinent part:
 "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * The judge shall sign the judgment entry and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 9} This Court observed in Miller that Crim.R. 32(C) sets forth five elements that must be present in any judgment of conviction in order for that judgment entry to be final and appealable:
 1. the plea;
 2. the verdict or findings;
 3. the sentence;
 4. the signature of the judge; and
 5. the time stamp of the clerk to indicate journalization. See Miller at ¶ 5.
 {¶ 10} We note that this rule also applies to resentencing entries, entered pursuant to R.C. 2929.191, as is the Judgment Entry here, as there is nothing in R.C. 2929.191, or elsewhere, to indicate that resentencing entries do not need to comply with Crim.R. 32(C).
 {¶ 11} The first element required under Crim.R. 32(C) is the plea.Miller stated as follows: *Page 5 
 "For judgment entries entered after this decision is journalized, this Court will not search the record to determine what plea the defendant entered. The trial court's judgment entry must comply fully with Crim.R. 32(C) by setting forth the defendant's plea of not guilty, guilty, no contest, or not guilty by reason of insanity." Miller at ¶ 10." See, also, Williams, 2007-Ohio-1897 (clarifying the Miller decision as it relates to Crim.R. 32(C) requirement that a plea be included in the trial court judgment entry).
 {¶ 12} This was the only aspect of the Miller decision to be applied prospectively, as it overruled this Court's prior decision in State v.Morrison (Apr. 1, 1992), 9th Dist. No. 2047, which had allowed an exception to the plea requirement in circumstances in which a defendant had pled not guilty and proceeded to trial. Miller held that theMorrison plea exception was overruled, and that there was no longer any exception to the plea requirement. After the journalization ofMiller, any trial court judgment entries must clearly set forth a defendant's plea, without exception.
 {¶ 13} The judgment entry in the instant case does not contain any reference to a plea to the charges for which Defendant was ultimately sentenced. However, because this judgment entry was journalized before this Court's decision in Miller, we do not dispose of this appeal on that basis, and we proceed to the verdict or findings as required by Crim.R. 32(C), and as discussed in Miller.
 {¶ 14} The second element of a judgment entry under Crim.R. 32(C) is the verdict or findings.
 "Following either a jury trial or a bench trial, the trial court must set forth the verdict in the judgment entry. The verdict is the `jury's finding or decision on the factual issues of a case.' State v. Lomax, *Page 6 96 Ohio St.3d 318, 2002-Ohio-4453, ¶ 23. In the case of a plea of guilty or no contest, the trial court must enter its finding on the plea." Miller at ¶ 11.
 {¶ 15} In this case, the trial court failed to set forth a finding of guilt. Instead, the Judgment Entry stated that the Defendant "has been sentenced" for the offenses of illegal manufacture of drugs and illegal assembly or possession of chemical for manufacture of drugs. This is not sufficient to satisfy Crim.R. 32(C), as we explained in Miller. SeeMiller at ¶ 12-16. The court must instead make a present finding of guilt in order to comply with Crim.R. 32(C). See Miller at ¶ 13-15. See, also, State v. Meese, 5th Dist. No. 2005AP11075, 2007-Ohio-742.
 {¶ 16} Moreover, this Court explained in Miller that "in the context of a guilty or no contest plea, it is also not sufficient for the trial court to note only that it accepted the defendant's plea. The trial court must enter a finding of guilt to comply with Crim.R. 32(C)."Miller at ¶ 14. See, also, State v. Sandlin, 4th Dist. No. 05CA23,2006-Ohio-5021, at *3 (deciding that the imposition of a sentence does not satisfy this element of Crim.R. 32(C), which "requires that the verdict [or finding] itself be recorded in the court's journal," and that "[w]ithout the journalization of this information, there is no judgment of conviction pursuant to Crim.R. 32(C) and therefore, no final appealable order.")
 {¶ 17} We also note that the Miller decision included a footnote that read as follows:
 "Trial courts that utilize a form judgment entry must be certain that the form complies with this decision. The form must reflect the *Page 7 
plea, the verdict or findings, the sentence, and the judge's signature. When that form is journalized by the clerk, it will comply with Crim.R. 32(C)" Miller, FN 1.
 {¶ 18} "The form used by the trial court in this case does not comply with Crim.R. 32(C) in that it lacks the court's finding. The lack of a finding means that the trial court's judgment entry is not a final appealable order, and we lack jurisdiction to consider the merits of Defendant's appeal." Miller at ¶ 16. See, also, Sandlin, at *3. The trial court in this case used a form entry that has failed to comply with the requirements of Crim.R. 32(C), as set forth above.
 {¶ 19} In addition to the plea and the verdict or findings, Crim.R. 32(C) also requires that the sentence imposed by the trial court be included in the judgment entry. See Miller at ¶ 17. Our review of the sentence establishes that the Judgment Entry also fails to sets forth Defendant's complete sentence. Judgment Entry One states that "Defendant's sentence shall include all of the previous terms and conditions imposed." Judgment Entry Two merely indicates that Defendant was already sentenced and then imposes a mandatory 5-year term of post-release control. Accordingly, for this additional reason, we find that the Judgment Entry does not constitute a final appealable order and we are without jurisdiction to consider the merits of Defendant's appeal.
 {¶ 20} Finally, the Judgment Entry bears the signature of the trial court judge and bears the time stamp of the clerk of the trial court. Therefore, it complies with Crim.R. 32(C) in these respects. SeeMiller at ¶ 18-19. *Page 8 
 {¶ 21} The trial court's judgment entry fails to comply with Crim.R. 32(C). We therefore, dismiss this appeal for lack of subject matter jurisdiction on the grounds that the trial court has not rendered a final appealable order. As this Court indicated in Miller,
 "We encourage the trial court to enter a judgment entry as soon as possible that complies with Crim.R. 32(C). After the trial court files that entry, if Defendant desires to appeal, he must file a new notice of appeal. The parties may then move this Court to transfer the record from this appeal to the new appeal and to submit the matter on the same briefs as were filed in this case and we will consider the appeal in an expedited fashion. See, e.g., Sandlin, n. 4." Miller at ¶ 20.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 9 
WHITMORE, J. CONCURS