DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Stanley Dobrski, Jr. pleaded no contest to six charges of rape, six charges of gross sexual imposition, and one charge of kidnapping. The trial court's journal entry incorrectly recited that he had pleaded guilty to the charges against him and did not include a finding that he was guilty. In that entry, the trial court sentenced him to a total of 18 years imprisonment and classified him a sexual predator. He has argued on appeal that the trial court erred in imposing sentence on him by following the Ohio Supreme Court's ruling in State v. Foster,109 Ohio St. 3d 1 (2006). He has also argued that the trial court erred by failing to make necessary findings under Section 2950.09(B)(3) of the Ohio Revised Code *Page 2 
before classifying him a sexual predator. The first issue on appeal, however, which this Court raises sua sponte, is whether the trial court's sentencing entry and sexual predator determination are final and appealable. This Court dismisses Mr. Dobrski's first assignment of error based upon its recent holding in State v. Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353, that a trial court's failure to include either "the verdict or findings" in its journal entry prevents that journal entry from being a final, appealable order. Further, however, because the trial court's sexual predator determination is an order that affected a substantial right made in a special proceeding, it is final and appealable. This Court reverses the trial court's sexual predator determination and remands for a new hearing on that issue because the trial court failed to discuss on the record the particular evidence and factors upon which it relied in making that determination.
 I. A. {¶ 2} Mr. Dobrski's first assignment of error is that the trial court erred in imposing sentence on him by following the Ohio Supreme Court's ruling in State v. Foster, 109 Ohio St. 3d 1 (2006). This Court is without jurisdiction to consider this assignment of error.
 {¶ 3} In Miller, this Court held that a journal entry must contain five things to comply with Rule 32(C) of the Ohio Rules of Criminal Procedure:
 This rule requires that the trial court's judgment of conviction contain: *Page 3 
 1. the plea;
 2. the verdict or findings;
 3. the sentence;
 4. the signature of the judge; and
 5.the time stamp of the clerk to indicate journalization.
Id. at ¶ 5. But see State v. Williams, 9th Dist. No. 06CA008927,2007-Ohio-1897 (Dickinson, J., concurring). This Court further held inMiller that the failure to satisfy Rule 32(C) renders a journal entry a non-final order that cannot be appealed. Miller at ¶ 20. But seeWilliams (Dickinson, J., concurring).
 {¶ 4} In this case, the trial court failed to include "the verdict or findings" in its journal entry. Accordingly, under this Court's holding in Miller, it is not a final, appealable order. This Court is without jurisdiction to consider Mr. Dobrski's first assignment of error.
 B. {¶ 5} Mr. Dobrski's second assignment of error is that the trial court incorrectly classified him a sexual predator without considering, reviewing, or discussing the factors listed in Section 2950.09(B) of the Ohio Revised Code. Despite the fact that this Court is without jurisdiction to consider Mr. Dobrski's first assignment of error, it does have jurisdiction to consider his second assignment of error.
 {¶ 6} Section 2505.02(B)(2) of the Ohio Revised Code provides that an order is final and appealable if it is "[a]n order that affects a substantial right made *Page 4 
in a special proceeding[.]" Section 2505.02(A)(2) of the Ohio Revised Code defines a "special proceeding" as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." The proceeding to classify an offender as a sexual predator was created by Section 2905.09 of the Ohio Revised Code and did not exist prior to 1853. Such a proceeding, therefore, is a "special proceeding" within the meaning of Section2505.02(A)(2). Section 2505.02(A)(1) of the Ohio Revised Code defines a substantial right as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." Classification as a sexual predator affects where an offender may live and imposes upon him a duty to register with law enforcement agencies where he lives and works. Such a classification, therefore, affects a substantial right. Inasmuch as a sexual predator classification is an order that affects a substantial right in a special proceeding, it is final and appealable. See State v.Hultz, 9th Dist. No. 06CA0032, 2007-Ohio-2040, at ¶ 22.
 {¶ 7} The concurring opinion suggests that Section 2950.09 of the Ohio Revised Code provides additional support for the conclusion that a sexual predator determination is a final, appealable order. While that section does provide that either the prosecutor or the offender may appeal the court's determination of whether the offender is or is not a sexual predator, it does not provide when that *Page 5 
appeal may be taken and, more significantly, does not purport to provide that the determination is a final, appealable order. Section2505.02(B)(2) does that.
 {¶ 8} The trial court conducted a hearing on whether Mr. Dobrski should be classified as a sexual predator on April 14, 2006, immediately prior to his sentencing. The State requested that he be classified a sexual predator because the victim was his 12-year-old daughter, whom he had assaulted repeatedly over a year and a half. The State also noted that there were drinking and domestic issues "involved in the house." It concluded that "there is a severe likelihood that [Mr. Dobrski] will continue to repeat that behavior whenever it is that he is released."
 {¶ 9} Mr. Dobrski's lawyer argued that Mr. Dobrski's situation did not satisfy "enough of the factors under the statute to be labeled as a sexual predator." He requested that he be classified a sexually oriented offender.
 {¶ 10} The trial court asked the prosecutor and Mr. Dobrski's lawyer to help him with the classifications, saying, "[i]t's been a while since I worked with it at this point." Mr. Dobrski's lawyer explained that a classification as a sexually oriented offender requires registration for 10 years, a classification as a habitual sexual offender requires registration for 20 years, and a classification as a sexual predator requires registration for life. The trial court then stated that it was going to classify Mr. Dobrski as a habitual sexual offender:
 This Court's going to make a classification that because of the number of offenses involved here, it was not over a huge period, but *Page 6 
it was over a period of one year, going to make a classification of a habitual sexual predator at this point.
There was then a discussion about Mr. Dobrski signing a form explaining the restrictions that would apply to him as a habitual sexual offender.
 {¶ 11} The court next indicated that it was ready to move on to sentencing. As it was beginning to do so, however, the prosecutor interrupted and asked if she and Mr. Dobrski's lawyer could have a discussion with the court at side bar. Following that discussion, the court changed its classification of Mr. Dobrski from a habitual sexual offender to a sexual predator. The only reason stated by the trial court for classifying Mr. Dobrski as a sexual predator was that he could not properly be classified as a habitual sexual offender:
 THE COURT: The Court having been advised that the fact that there is not a prior to this, the Court will make then — withdraws its finding on habitual and make the, make a classification of sexual predator at this point.
 . . . .
 THE COURT: . . . Now, I think, Ms. [Prosecutor], does that satisfy your classification at this point?
 [Prosecutor]: Yeah. As I look at it, I have another guide, and I believe that the issue we discussed at side bar regarding prior is a requirement for habitual.
 THE COURT: Now —
 [Mr. Dobrski's Lawyer]: I think we can stipulate, Judge, that Stanley does not have a prior sexually oriented offense.
 THE COURT: At least I can't — I don't see one listed. *Page 7 
[Mr. Dobrski's Lawyer]: Or offense that would kick in the habitual sexual offender possibility. And so it's our position that the only classification that the Court could make, would be a sexually oriented offender. The Court has found otherwise, and we will leave that for a later date with the appellate court.
The trial court then proceeded to sentence Mr. Dobrski.
 {¶ 12} In State v. Eppinger, 91 Ohio St. 3d 158 (2001), the Ohio Supreme Court suggested a model sexual offender classification hearing that would accomplish three objectives. The third objective listed by the court is particularly relevant to this case. A trial court should consider and discuss on the record the evidence and factors upon which it relies in making a classification:
 Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism.
Id. at 166.
 {¶ 13} In this case, the trial court failed to articulate any evidence or factors that it relied upon in determining that Mr. Dobrski is likely to again commit a sexually oriented offense once he is released from prison. As noted by the Supreme Court in Eppinger, the legislature did not contemplate that every individual who commits a sexually oriented offense will automatically be classified a sexual predator:
 Although certainly even one sexually oriented offense is reprehensible and does great damage to the life of the victim, R.C. Chapter 2950 is not meant to punish a defendant, but instead, "to *Page 8 
protect the safety and general welfare of the people of this state." R.C. 2950.02(B). Thus, if we were to adjudicate all sexual offenders as sexual predators, we run the risk of "being flooded with a number of persons who may or may not deserve to be classified as high-risk individuals, with the consequence of diluting both the purpose behind and the credibility of the law. This result could be tragic to many." . . . Moreover, the legislature would never have provided for a hearing if it intended for one conviction to be sufficient for an offender to be labeled a "sexual predator."
Eppinger, 91 Ohio St. 3d at 165.
 {¶ 14} Perhaps Mr. Dobrski should be classified a sexual predator. At this point, however, the record is inadequate to allow meaningful review of the trial court's classification of him as one. Accordingly, his second assignment of error must be sustained.
 II. {¶ 15} Mr. Dobrski's first assignment of error is dismissed for lack of subject matter jurisdiction. This Court encourages the trial court to enter a final, appealable order as soon as possible. After the trial court files such an entry, if Mr. Dobrski desires to appeal, he must file a new notice of appeal. The parties may then move this Court to transfer the record from this appeal to the new appeal and for leave to submit the matter on the same briefs as were filed in this case. If they do, this Court will consider that appeal in an expedited manner. SeeState v. Sandlin, 4th Dist. No. 05CA23, 2006-Ohio-5021, n. 4. *Page 9 
 {¶ 16} Mr. Dobrski's second assignment of error is sustained. The trial court's sexual predator determination is reversed, and this matter is remanded for further proceedings consistent with this opinion.
Appeal dismissed in part reversed in part, and cause remanded in part.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to both parties equally. *Page 10