{¶ 17} I concur in the majority's determination that a sentencing order lacking a finding is not a final appealable order, and that it does not give this Court jurisdiction over any claims related to the sentencing. I write separately to point to an additional reason that this Court has jurisdiction over this appeal.
 {¶ 18} The statute governing sexual predator adjudications, R.C.2950.09, specifically provides for an offender's appeal as of right upon the trial court's determination: "The offender * * * and the prosecutor who prosecuted the offender * * * for the sexually oriented offense in question may appeal as a matter of right the court's determination under this division as to whether the offender * * * is, or is not, a sexual predator." R.C. 2950.09(B)(4). Moreover, R.C. 2950.09 does not require that a defendant be sentenced before the trial court holds a hearing to decide whether an offender is a sexual predator. Instead, the statute requires only that an offender be convicted of or plead guilty to a sexually oriented offense. R.C. 2950.09(A). The statute further states that that "the judge shall conduct the [sexual predator hearing]prior to sentencing.]" R.C. 2950.09(B)(2) (Emphasis added.) Nowhere does this statute contemplate that the sentencing order itself must be final before the trial court has determined that the offender is a sexual predator. See State v. Hultz, 9th Dist. No. 06CA0032, 2007-Ohio-2040. *Page 11