DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Phillip Hultz pleaded guilty to attempted unlawful sexual conduct with a minor and importuning, and the trial court classified him as a sexual predator. Mr. Hultz appealed his sentence and his classification as a sexual predator, arguing that his sentence was an abuse of the trial court's discretion and that his classification as a sexual predator was against the manifest weight of the evidence. This Court dismissed that appeal with respect to his sentence because the journal entry from which he appealed did not comply with Rule 32(C) of the Ohio Rules of Criminal Procedure. State v. Hultz, 9th Dist. No. 06CA0032, 2007-Ohio-2040, at ¶ 19. With respect to his classification as a sexual predator, this Court exercised jurisdiction, but reversed and remanded the case to the trial court because of a defect in the trial court's classification order. Id. at ¶ 23. This Court's opinion did not address whether the classification was against the manifest weight of the evidence. Id. at ¶ 24. *Page 2 
 {¶ 2} On May 17, 2007, the trial court issued a journal entry that complied with the jurisdictional requirements set forth in this Court's opinion. In all other respects, the journal entry was identical to the prior entry. The trial court did not issue a new classification order, but the May 17, 2007, order summarized the classification hearing and provided that "[t]he court found that the state proved by clear and convincing evidence that the defendant is a sexual predator, pursuant to R.C. 2950.09(B). He was therefore classified as a sexual predator." Defendant has now appealed from this order. He has argued that the trial court committed plain error by classifying him as a sexual predator without providing notice of the classification hearing and that his classification is against the manifest weight of the evidence. He has also argued that the trial court abused its discretion by sentencing him to thirty months in prison. This Court affirms Mr. Hultz's classification and sentence because the law of the case doctrine required him to assign his error regarding notice in his first appeal; his classification as a sexual predator is supported by competent, credible evidence; and his prison sentence does not reflect an abuse of the trial court's discretion.
 FACTS {¶ 3} On March 23, 2006, the trial court accepted Mr. Hultz's guilty plea and scheduled a sentencing hearing for May 3, 2006. The scheduling order did not mention that a classification hearing was scheduled for the same day. The trial court conducted the classification hearing without objection from Mr. Hultz. During the hearing, the State introduced two exhibits: a pre-sentence investigation report and a psychological evaluation. The trial court classified Mr. Hultz as a sexual predator and notified him of his registration obligations, then conducted the sentencing hearing. Mr. Hultz was sentenced to a total prison term of thirty months. *Page 3 
 NOTICE {¶ 4} Mr. Hultz's first assignment of error is that the trial court committed plain error by classifying him as a sexual predator without providing him notice that the classification hearing would be held on May 3, 2006. The same hearing was the basis of Mr. Hultz's first appeal of his classification, but he did not assign as error that the trial court failed to provide notice of the hearing in that first appeal.
 {¶ 5} The doctrine of the law of the case "is a rule of practice analogous to estoppel." Hopkins v. Dyer, 104 Ohio St. 3d 461,2004-Ohio-6769, at ¶ 22. Most directly, application of the doctrine limits the ability of a trial court to rule in a way that is inconsistent with a decision of a reviewing court in the same case. "[T]he decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan,11 Ohio St. 3d 1, 3 (1984). The doctrine also limits the actions that a trial court may take on remand to the scope of the reviewing court's mandate and places a corresponding limitation on the ability of an appellant to assert error in subsequent appeals:
 The law of the case doctrine requires lower courts to follow the mandates of reviewing courts when "confronted [on remand] with substantially the same facts and issues as were involved in the prior appeal." Thus, litigants are not permitted to make new arguments to the trial court on remand that were raised or could have been raised on the first appeal. "[A]ll questions which existed on the record, and could have been considered on the first petition in error, must ever afterward be treated as settled by the first adjudication of the reviewing court."
Neiswinter v. Nationwide Mut. Fire Ins. Co., 9th Dist. No. 23648,2008-Ohio-37, at ¶ 10 (internal citations omitted).
 {¶ 6} According to the order from which Mr. Hultz appealed his sentence in his first appeal, which was time stamped on May 5, 2006, the trial court conducted classification and *Page 4 
sentencing hearings on May 3, 2006. In the first appeal, this Court determined that it did not have jurisdiction over that order, but separately considered his sexual predator classification by reviewing another order that was also time stamped on May 5th. Hultz,2007-Ohio-2040, at ¶ 22. See also State v. Dobrski, 9th Dist. No. 06CA008925, 2007-Ohio-3121, at ¶ 6 (concluding that an order that classifies a defendant as a sexual predator affects a substantial right in a special proceeding and is, therefore, final within the meaning of Section 2505.02(B)(2) of the Ohio Revised Code).
 {¶ 7} The classification order, captioned "JUDGMENT ENTRY AND EXPLANATION OF DUTIES TO REGISTER AS A SEX OFFENDER FOR SEXUAL PREDATORS, HABITUAL SEX OFFENDERS, AND SEXUALLY ORIENTED OFFENDERS," is a form journal entry that contains a series of alternative findings that the trial court may check in order to reflect its findings in a given case. The first page of the form also has a blank in which the trial court may insert the date of the classification hearing. In Mr. Hultz's case, the trial court filled in "February 14, 2006." The rest of the record, however, demonstrates that the classification hearing was actually held on May 3, 2006. The incorrect date may be a clerical error. Regardless, Mr. Hultz appealed that classification order, and, based on that order, this Court reversed his classification and remanded the case to the trial court:
 The trial court in the instant case heard Defendant's plea on March 23, 2006. However, the judgment entry of adjudication as a sex offender opens as follows: "A hearing was held on February 14, 2006 to determine whether the defendant should be classified as a sexual predator." (Emphasis added). The statute requires that a defendant plead or be convicted prior to a sexual predator adjudication hearing. R.C. 2950.09(A). If Defendant did not plead until March 23, 2006, the trial court could not properly conduct a hearing on February 14, 2006. Although this court reviews a trial court's determination that a defendant is a sexual predator for clear error, this court cannot reach the merits of the sexual predator hearing and the competence or credibility of the evidence presented, as the hearing was not conducted in accordance with R.C. 2950.09(B). *Page 5 
Hultz, 2007-Ohio-2040, at ¶ 23.
 {¶ 8} This Court's reversal and remand voided the classification order and returned the case to the trial court's docket at the same point and in the same condition as before the error in the journal entry. SeeWilson v. Kreusch, 111 Ohio App. 3d 47, 51 (1996). The record demonstrates that Mr. Hultz's sexual offender classification hearing was actually conducted at the same time as his sentencing hearing on May 3, 2006, and not on February 14, 2006. Because the trial court did not conduct a new classification hearing in response to this Court's remand, but issued a new judgment entry that set forth his sentence and his classification as a sexual predator, the record in this appeal is almost identical to the record that was before this Court in his first appeal. More specifically, the record does not contain anything with respect to Mr. Hultz's notice of the May 3, 2006, hearing that was not contained in the record previously before this Court. Because his objection with respect to notice could have been raised on the record in existence at the time of his first appeal, the question "must . . . be treated as settled" by this Court's prior decision. Charles A. Burton Inc. v.Durkee, 162 Ohio St. 433, 438 (1954). Mr. Hultz's first assignment of error is overruled.
 MANIFEST WEIGHT {¶ 9} Mr. Hultz's second assignment of error is that his classification as a sexual predator is against the manifest weight of the evidence. He has argued that the trial court incorrectly based his classification on irrelevant and inaccurate information related to two other incidents. "Because sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the judge's findings are supported by some competent, credible evidence." State v. Wilson, *Page 6 113 Ohio St. 3d 382, 2007-Ohio-2202, syllabus. But see Huntington Nat'l Bankv. Chappell, 9th Dist. No. 06CA008979, 2007-Ohio-4344, at ¶ 17-75 (Dickinson, J. concurring).
 {¶ 10} The trial court stated that its classification decision was based, in part, on other incidents of sexual activity involving children:
 THE COURT: All right. Mr. Hultz, the Court finds based on the pre-sentence report including the one from Ashland County and the Volunteers of America sexual offender evaluation that by clear and convincing evidence that you are a sexual predator. This is based on the fact that you committed another offense with a 15 year old female while you were under indictment in this case. And the search in that case from Ashland County resulted in recovery of a large amount of child pornography in your possession. And I think under those circumstances and also based on the evaluation from the Volunteers of America, that you are a moderate to high risk to re-offend and that you should receive the sexual predator classification.
As this statement reflects, the trial court considered two exhibits offered by the State during the classification part of the hearing: a pre-sentence investigation report and a sexual offender psychological evaluation. These exhibits have not been included in the record on appeal. Similarly, there is no information in the record before this Court that relates to the offense in Ashland County and the search to which the trial court referred. When an appellant fails to include the evidentiary materials necessary to weigh the evidence supporting classification as a sexual offender, this Court must presume that there is competent, credible evidence to support the trial court's conclusions. See State v. Jones, 9th Dist. No. 22701, 2006-Ohio-2278, at ¶ 39. Because Mr. Hultz has not provided this Court with an adequate record to review the weight of the evidence and relies on evidence outside the record, this Court presumes regularity in the classification hearing and his second assignment of error is overruled.
 SENTENCING {¶ 11} Mr. Hultz's third assignment of error is that the trial court incorrectly sentenced him to maximum and consecutive sentences. He has argued that the trial court abused its *Page 7 
discretion by considering facts related to a case in Ashland County and by failing to properly consider the general principles of felony sentencing and the seriousness and recidivism factors set forth in Sections 2929.11 and 2929.12 of the Ohio Revised Code.
 {¶ 12} In State v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, the Ohio Supreme Court held that the parts of Ohio's felony sentencing statutes that required judicial factfinding before a trial court could impose maximum sentences, consecutive sentences, or sentences greater than the minimum violated the Sixth Amendment to the United States Constitution.Id. at paragraph seven of the syllabus and ¶ 82-83. The Court severed the unconstitutional parts of the sentencing statutes, but enforced the rest. Id. at ¶ 97. The Court also concluded that trial courts have discretion to impose a sentence within the statutory range without the need for findings of fact with respect to maximum sentences, consecutive sentences, or sentences greater than the minimum. Id. at paragraph seven of the syllabus and ¶ 99. After Foster, courts are to "consider" factors related to the seriousness of a defendant's conduct and the likelihood of recidivism, but pre-Foster findings are neither required nor permitted. Roper, 9th Dist. No. 23454, 2008-Ohio-1053, at ¶ 11 (quotingState v. Mathis, 109 Ohio St. 3d 54, 2006-Ohio-855, at ¶ 38).
 {¶ 13} As the transcript of the sentencing hearing indicates, the trial court relied on the pre-sentence investigation report in sentencing Mr. Hultz. Again, however, that report has not been included in the record in this appeal. In cases decided before Foster, this Court consistently held that the omission of a pre-sentence investigation report from the record limited this Court's ability to review the trial court's findings. See, e.g., State v. Nerghes, 9th Dist. No. 03CA0049-M,2004-Ohio-1235, at ¶ 41. Although trial courts are no longer required to make findings, this Court continues to presume regularity with respect to factual determinations made by the trial court to the extent that the trial court relied on the pre-sentence investigation, but does so in the *Page 8 
context of determining whether the record demonstrates an abuse of discretion. See, e.g., State v. Clevenger, 9th Dist. No. 07CA009208,2007-Ohio-7034, at ¶ 5.
 {¶ 14} Bearing this in mind, this Court has reviewed the record of Mr. Hultz's sentencing hearing and concludes that the trial court did not abuse its discretion in this case. Mr. Hultz's prison terms of twelve and eighteen months are the maximums permitted for fourth and fifth degree felonies, and are therefore within the permitted range. R.C. 2929.14(A). It is evident from the trial court's statements that it considered the purposes of felony sentencing, the seriousness of the offenses, and Mr. Hultz's likelihood of recidivism. The trial court noted a particular concern that Mr. Hultz would re-offend. The trial court did not abuse its discretion in sentencing Mr. Hultz, and his third assignment of error is overruled.
 CONCLUSION {¶ 15} Mr. Hultz's assignments of error are overruled because he did not raise the issue of notice in his first appeal; Mr. Hultz's classification as a sexual predator is not against the manifest weight of the evidence; and the trial court did not abuse its discretion in sentencing Mr. Hultz to consecutive twelve and eighteen-month prison terms. The judgment of the Wayne County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 9 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 WHITMORE, J., CARR, P. J., CONCURS *Page 1