[Cite as *State v. Dwyer*, 2023-Ohio-24.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-30 |
| | : | |
| v. | : | Trial Court Case No. 2020 CR 0831 |
| | : | |
| JAMES A. DWYER | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 6, 2023

. . . . . . . . . . .

MEGAN A. HAMMOND, Attorney for Appellee

J. DAVID TURNER, Attorney for Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant James A. Dwyer appeals from a judgment of the Greene County Court of Common Pleas, which sentenced him to an aggregate prison term of 33 to 38 years following our remand in *State v. Dwyer*, 2d Dist. Greene No. 2021-CA-16, 2022-Ohio-490 ("*Dwyer I*"). Dwyer claims the sentence is contrary to law because the

trial court did not provide the sentencing notifications set forth in R.C. 2929.19(B)(2)(c). Because this argument is beyond the scope of our remand in *Dwyer I*, it is not subject to review. Accordingly, we affirm the judgment of the trial court.

## I.       Facts and Procedural Background

{¶ 2} In 2021, Dwyer was convicted of attempted murder, aggravated robbery, and felonious assault as well as the three-year firearm specification accompanying each of the offenses. "The trial court imposed an indefinite minimum prison term of 10 years with a maximum prison term of 15 years for the attempted murder conviction; a minimum and maximum prison term of eight years for the aggravated robbery conviction, and a minimum and maximum prison term of six years for the felonious assault conviction. All three terms were ordered to run consecutively, for a minimum prison term of 24 years and a maximum prison term of 29 years. The trial court also imposed three-year prison sentences for each of the firearm specifications to be run consecutively and prior to the sentence of 24 to 29 years, for an aggregate prison term of 33 to 38 years." *Dwyer I* at ¶ 11.

{¶ 3} Dwyer filed a direct appeal of his convictions, raising six assignments of error. Relevant hereto, in his fifth assignment of error, Dwyer claimed that the trial court erred by imposing a prison term for the firearm specification accompanying the felonious assault conviction. In sustaining the assignment of error, we stated:

Although a trial court ordinarily may impose only one additional three-

year prison term for multiple firearm specifications committed as part of the

same act or transaction (see R.C. 2929.14(B)(1)(b)), an exception is created by R.C. 2929.14(B)(1)(g), which provides:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

Here, Dwyer was convicted of attempted murder, aggravated robbery, and felonious assault and, as to each count, he was also convicted of a three-year firearm specification of the type described under R.C. 2929.14(B)(1)(a). Therefore, the trial court was required to impose the three-year prison term specified under R.C. 2929.14(B)(1)(a) "for each of the two most serious specifications" of which Dwyer was convicted. In short, R.C. 2929.14(B)(1)(a) obligated the trial court to impose separate prison

terms for the three-year firearm specifications accompanying the attempted murder and aggravated robbery convictions. Additionally, the court had the discretion to impose a prison term for the three-year firearm specification accompanying the felonious assault conviction.

A review of the sentencing hearing transcript reveals that the trial court referred to the prison term imposed for the firearm specification accompanying the felonious assault conviction as "an additional mandatory term of 3 years mandatory incarceration * * *." Tr. p. 276. Likewise, the court's sentencing entry refers to the prison term for the third firearm specification as "an additional MANDATORY term of 3 years actual incarceration."

Under R.C. 2929.14(B)(1)(g), the trial court had discretion to sentence appellant to a three-year prison term on the third firearm specification. However, the court could not have been exercising its discretion if it believed, as it articulated both at the sentencing hearing and in its judgment entry, that the sentence was "mandatory." *State v. Bradford*, 8th Dist. Cuyahoga No. 105217, 2017-Ohio-8481, ¶ 40.

Because the trial court concluded, contrary to R.C. 2929.14(B)(1)(g), that imposition of a three-year prison term on the third firearm specification was mandatory, the trial court erred by failing to exercise its discretion, thereby rendering that portion of Dwyer's sentence contrary to law.

*Dwyer I* at ¶ 46-50.

{¶ 4} We reversed that "portion of the judgment imposing [a] prison term on the firearm specification accompanying the felonious assault conviction" and remanded the matter to the trial court "for the sole purpose of resentencing Dwyer regarding the firearm specification attached to the felonious assault count." *Id.* at ¶ 59. The judgment of the trial court was otherwise affirmed.

{¶ 5} The trial court conducted a resentencing hearing on May 4, 2022. At that time, the trial court imposed the exact same sentence it had previously imposed, except it noted that it had and was exercising the discretion to impose a three-year prison sentence on the third firearm specification.

{¶ 6} Dwyer appeals.

## II. Sentencing

{¶ 7} The sole assignment of error asserted by Dwyer states:

DWYER'S SENTENCE IS CONTRARY TO LAW WHEN THE TRIAL COURT FAILED TO COMPLY WITH THE REQUIRED NOTICES CONTAINED IN R.C. 2929.19(B)(2)(c).

{¶ 8} A sentence is contrary to law if the trial court sentences an offender to an indefinite prison term under the Reagan Tokes Law and fails to advise the offender during the sentencing hearing of all the notifications set forth in R.C. 2929.19(B)(2)(c). *State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376, ¶ 18, 23. These notifications are:

(i) That it is rebuttably presumed that the offender will be released from

service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

R.C. 2929.19(B)(2)(c)(i)-(v).

{¶ 9} The State concedes the trial court failed to give these necessary notices during the initial sentencing. However, as noted by the State, this error occurred at the original sentencing and was not raised in *Dwyer I*.

{¶ 10} "The scope of an appeal from a new sentencing hearing is limited to issues that arise at the new sentencing hearing." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 30. In *Wilson*, the Supreme Court of Ohio analyzed the scope of a trial court's resentencing hearing following an error and an appeal from that resentencing decision. *Wilson* stated, "[a] remand for a new sentencing hearing generally anticipates a de novo sentencing hearing. R.C. 2929.19(A). However, a number of discretionary and mandatory limitations may apply to narrow the scope of a particular resentencing hearing. * * * [O]nly the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review." (Citations omitted.) *Id.* at ¶ 15.

{¶ 11} "The law of the case doctrine requires lower courts to follow the mandates of reviewing courts when 'confronted [on remand] with substantially the same facts and issues as were involved in the prior appeal.' Thus, litigants are not permitted to make new arguments to the trial court on remand that were raised or could have been raised

on the first appeal. '[A]ll questions which existed on the record, and could have been considered on the first petition in error, must ever afterward be treated as settled by the first adjudication of the reviewing court.'" *State v. Hultz*, 9th Dist. Wayne No. 07CA43, 2008-Ohio-4153, ¶ 5, quoting *Neiswinter v. Nationwide Mut. Ins. Co.*, 9th Dist. Summit No. 23648, 2008-Ohio-37, ¶ 10.

{¶ 12} Dwyer could have raised the error in sentencing of which he now complains during his initial appeal. Because he failed to do so, we are barred by the doctrine of res judicata from addressing the error.

{¶ 13} The sole assignment of error is overruled.

### III. Conclusion

{¶ 14} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.