JOURNAL ENTRY AND OPINION
{¶ 1} This is a second appeal taken by defendant-appellant, Robert Gus. Gus appeals from the decision of the Cuyahoga County Court of Common Pleas that classified him as a sexual predator. Finding error in the proceedings below, we reverse and remand.
 {¶ 2} Gus's first assignment of error states the following:
 {¶ 3} "The trial court erred by finding Mr. Gus a sexual predator after this court sustained his appeal and vacated the habitual sex offender classification because there was no predicate sexually oriented offense."
 {¶ 4} At trial, a jury found Gus guilty of multiple counts of gross sexual imposition against his two stepdaughters. The trial court held a sexual predator classification hearing and found that "while there was clear and convincing evidence that the defendant has been convicted of or pleaded guilty to committing a sexually-oriented offense, there wasnot clear and convincing evidence that the defendant is likely to engage in the future in one or more sexually-oriented offenses. The Courttherefore finds that the offender is NOT a sexual predator. This determination was made pursuant to R.C. 2950.09(C)(2) * * *." (Emphasis in original.) The trial court went on to find Gus a habitual sex offender. Gus appealed his convictions and his habitual sexual offender classification in State v. Gus, Cuyahoga App. No. 85591, 2005-Ohio-6717. This court stated the following:
 "Gus maintains that the court erred in doing so [finding him to be a habitual sex offender] since he had no prior conviction for a sexually *Page 3 
oriented offense as required by R.C. 2950.09(C)(2)(c)(ii). The state concedes this argument, as the record does not show that Gus had the predicate prior conviction for a sexually oriented offense. We therefore sustain this assignment of error. * * * In conclusion, we overrule all but the seventh assignment of error relating to the habitual sexual offender classification. That finding is vacated and remanded to the court for a new hearing."
 {¶ 5} Upon remand, the trial court held a new sexual predator hearing and, with essentially the same evidence, found Gus to be a sexual predator. We find that the trial court erred when it revisited the sexual predator issue because that issue had already been decided by the trial court. Since the state did not appeal the trial court's finding that Gus was not a sexual predator, this court addressed and vacated only the habitual sexual offender classification. Although we disagree with the trial court's original finding that Gus was not a sexual predator, it remains a final decision. State v. Hultz, Wayne App. No. 06CA0032, 2007-Ohio-2040 (sexual predator finding is a final appealable order under R.C. 2505.02).
 {¶ 6} Gus's first assignment of error is sustained; therefore, his second assignment of error is moot. The sexual predator finding is reversed, and the case is remanded for the trial court to correct the journal entry and to make a finding that Gus is a sexually oriented offender by operation of law.
Judgment reversed, and case remanded.
It is ordered that appellant recover from appellee costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 4 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, PRESIDING JUDGE
KENNETH A. ROCCO, J., CONCURS (SEE SEPARATE CONCURRING OPINION) and CHRISTINE T. MC MO NAGLE, J., CONCURS IN JUDGMENT ONLY