{¶ 35} Despite the thoughtful analysis presented by the majority opinion, I must respectfully dissent from its disposition of appellant's first assignment of error. I believe, based upon the evidence presented to the trial court in this case, and the intent behind the passage of Ohio's version of "Megan's law," that appellant herein does not qualify as a "sexual predator." *Page 16 
 {¶ 36} In so stating, I recognize that the Ohio Supreme Court essentially has directed appellate courts to treat trial court fact-finding in this area with kid gloves, so it will be the rare case in which those fact-findings will be reversed. See, State v.Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202. Of the hundreds of sexual predator appeals I have reviewed, I cannot remember one which did not have at least "some" credible evidence that could be said to support the trial court's decision. After all, there are ten statutory factors to be considered in every case, and in some cases, there are also psychological evaluations and clinical tests to aid in the decision-making. Nevertheless, I will attempt in this case to leap the high hurdle set by Wilson in considering appellant's first assignment of error.
 {¶ 37} As the term "sexual predator" statutorily is defined, the evidence must support a conclusion that appellant is "likely to reoffendsexually." This question "is not bound by or couched in terms of recidivism test results, but is instead defined by the application andexamination of statutory factors and consideration of relevantcircumstances and evidence * * *." State v. Robertson, 147 Ohio App.3d 94,102, 2002-Ohio-494. (Emphasis added.) In this case, I do not find that the evidence presented clearly and convincingly supports a conclusion appellant is "likely" to reoffend sexually.
 {¶ 38} The Ohio Supreme Court has directed this court to "start" a review of whether the trial court's sexual classification of an appellant is against the manifest *Page 17 
weight of the evidence "by examining the trial court's decision."State v. Wilson, supra at ¶ 34.
 {¶ 39} The trial court in this case did not engage in any real analysis. Rather, it merely stated appellant was classified as a sexual predator based upon "all the factors" that it found applied. These were: "his age, his prior criminal record, and the nature of the conduct with the victim and also the nature of his conduct in that other burglary case and his testimony here today, as well as the STATIC-99 results * * * that it was a moderate to high risk category for sexual recidivism * * *." Furthermore, "especially," the catch-all provision contained in "R.C. 2950.09(B)(3), any additional behavioral characteristics," which the trial court stated as "related in the psych report and what I heard on the stand and all this information * * *."
 {¶ 40} A review of the statutory factors in this case, however, actually favor a determination that appellant is not a "sexual predator." Appellant and his adult female victim were close in age. Although he had other convictions, appellant had committed only that one sexual offense, which occurred eleven years previously. Appellant did not try to impair the victim, rather, he was the only person involved in the incident who was under the influence of drugs. Appellant displayed no cruelty apart from committing the offense itself. Appellant had participated in programs made available to him while he was in prison. Finally, his drug dependency was said to be in "full remission." *Page 18 
 {¶ 41} Place these factors in contrast to the defendant in State v.Gus, Cuyahoga App. No. 85591, 2005-Ohio-6717. As set forth in that opinion, Gus victimized his two step-daughters, ages eleven and thirteen, abused them numerous times over the recent period extending from June 2001 through March 2002, threatened them while committing the offenses and beat them, admitted he had been diagnosed with paranoid schizophrenia and bipolar disorder, but denied he committed any abuse.
 {¶ 42} In this case, the only evidence which can be labeled as "some" evidence to support the classification is the STATIC-99. This was the only psychological test utilized by the court's clinician in his sexual predator evaluation (or, as the trial court termed it, "the psych report") of appellant. According to that assessment, appellant was a "medium to high risk" to reoffend. The STATIC-99, however, is only an "actuarial assessment, "which places no relevance on several of the enumerated statutory factors.
 {¶ 43} It is interesting to note that the same test, as applied to Gus, placed Gus in a lower category for risk to reoffend sexually. This is because the STATIC-99 "test" gives the offender no score for having committed the offenses recently in time, for having more than one victim, for having female victims, for having committed more than one sexual offense over a period of time, for having victimized "relatives," and for having committed the offenses while living with the victims' mother for over two years; the lower the score, the "less" risk it accords the offender. *Page 19 
 {¶ 44} I believe, therefore, as does the Ohio Supreme Court inWilson, that in making an assessment of whether a defendant is likely to reoffend sexually, the trial court must look beyond the clinical tests and the psychiatric evaluations, because, as illustrated in the contrast between appellant herein and Gus, they are inherently flawed. Most importantly, the STATIC-99 put appellant in a "medium to high" risk category without placing any relevance on the fact that he had not victimized a child.
 {¶ 45} According to expert psychiatric testimony, "the most significant factor for sexual offense recidivism is a sexual preference for children." State v. Colpetezer, Cuyahoga App. No. 79883, 2002-Ohio-967. Indeed, this is the "paramount" purpose behind the law: "protecting children from those persons in society who would prey upon them." State v. Thompson (1999), 140 Ohio App.3d 638, 646.Wilson does not suggest this court should abandon its role to determine as a matter of law whether the weight of the evidence supports the trial court's decision. Actually, Wilson states that "examining the evidence underlying the trial judge's decision is a prerequisite" to this court's determination. Id., at T|40; see also, State v. Cook, 83 Ohio St.3d 404,426, 1998-Ohio-291. The determination, therefore, should focus on the evidence, not only as it relates to the statutory factors themselves, but also to the intent behind "Megan's law." State v. Eppinger,91 Ohio St.3d 158, 2001-Ohio-247, citing State v. Thompson, supra; see also,State v. Colpetzer, supra.
 {¶ 46} In this case, the trial court did not really explain why it placed no emphasis on what otherwise were highly relevant facts to the issue presented: 1) *Page 20 
appellant's victim (singular) was not a child; 2) the offense occurred eleven years ago; 3) appellant had no other history of committing sexual offenses; and, 4) while in prison, appellant took advantage of available opportunities to better his insight and education. Nothing presented to the court suggested appellant would return to his drug habits. Thus, the trial court's conclusion that appellant was "likely" to reoffend sexually is not supported by competent and credible evidence. Cf.,State v. Wilson, supra.
 {¶ 47} I fully agree with the majority opinion's observation that inconsistent sexual predator labeling is a problem. For example, as I explained in my concurring opinion to State v. Gus, Cuyahoga App. No. 88502, 2007-Ohio-3413, while Gus fully deserved the label, he, unfortunately, did not receive it. In spite of his recent victimization of his two female step children, the psychiatric reports failed to place Gus into several risk categories. Clearly, "psychiatric evaluations alone are not enough to support a determination, either way * * *." (Emphasis in original.)
 {¶ 48} This court has the responsibility to ensure that overclassification is kept to a minimum. State v. Eppinger, supra. We cannot fulfill that responsibility by granting too much deference to the trial court and by using the justification that the legislature has not been "specific" enough.
 {¶ 49} Since I believe the evidence in this case clearly and convincingly demonstrated appellant did not deserve to be labeled as a "sexual predator," I would *Page 21 
sustain his first assignment of error, and would reverse and remand on that basis. *Page 1