THE STATE OF OHIO, APPELLEE, *v.*
BILDER, APPELLANT.

(No. 13190 — Decided
December 9, 1987.)

*Gary Rosen,* city prosecutor, for appellee.

*Lawrence J. Cook,* for appellant.

CACIOPPO, J.  On April 8, 1987, Rudolph Bilder was seated in a Summit County courtroom observing a trial. A female person sitting one row in front of him looked back and saw that his genitalia were exposed through a hole in his trousers. Bilder was arrested and charged with public indecency, R.C. 2907.09, a fourth degree misdemeanor. The matter was tried to a jury and Bilder was found guilty. The court imposed a maximum sentence of thirty days' imprisonment, plus $250 and costs. Additionally, Bilder was ordered not to enter, unless on official business, the Ocasek Government Office Building, the Summit County Courthouse and the City-County Safety Building. Bilder appeals.

### Assignment of Error 1

"The guilty verdict against the appellant was contrary to law where the circumstantial evidence upon which the verdict was based was not irreconsilable [*sic*] with a reasonable theory of innocence."

Bilder contends he was convicted on circumstantial evidence. The record shows that the direct testimony of an eyewitness was presented. The record further shows that there is substantial evidence which goes to all the elements of the crime sufficient to convince a jury of Bilder's guilt beyond a reasonable doubt. *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132.

This assignment of error is not well-taken and is overruled.

### Assignment of Error 2

"The trial court exceeded its sentencing authority when it imposed upon appellant a sentence for which there is no statutory basis."

R.C. 2929.21 establishes penalties for misdemeanor convictions. The trial court imposed restrictions and conditions which are not provided for by statute. The court may only pronounce the judgment provided by law. *Dillon* v. *State* (1883), 38 Ohio St. 586. Accordingly, this assignment of error is well-taken and that portion of the sentence denying Bilder access to the aforementioned buildings is reversed and the order is stricken from the record.

Judgment of the lower court is affirmed as to the sentence with the modification that Bilder's denial of access to the Ocasek Government Building, Summit County Courthouse and City-County Safety Building is stricken from the record.

*Judgment accordingly.*

QUILLIN, P.J., and BAIRD, J., concur.