The STATE of Ohio, Appellee,

v.

GILMER, Appellant.

[Cite as *State v. Gilmer,* 160 Ohio App.3d 75, 2005-Ohio-1387.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–04–022.

Decided March 25, 2005.

Mark Mulligan, Ottawa County Prosecuting Attorney, and Lorrain R. Croy, Assistant Prosecuting Attorney, for appellee.

William F. Pietrykowski, for appellant.

Skow, Judge,

{¶ 1} This appeal comes to us from a judgment issued by the Ottawa County Court of Common Pleas, following appellant's guilty plea to attempted trafficking in drugs. Because we conclude that the court's journal entry was void and, thus, not final and appealable, and because it did not accurately reflect the mandatory statutory license suspension imposed at the sentencing hearing, we dismiss the appeal and remand for further proceedings.

{¶ 2} Appellant, Lamont William Gilmer, pleaded guilty to a felony of the third degree, attempted trafficking in drugs, a violation of R.C. 2925.03(A)(2) and 2923.02. At the sentencing hearing, the trial court sentenced him to a five-year prison term and suspended his driver's license for five years.

{¶ 3} Appellant now appeals from that judgment, arguing the following sole assignment of error:

{¶ 4} "Trial Court's sentence of William Lamont Gilmer to [a] maximum sentence of five (5) years incarceration and five (5) years drivers [sic] license suspension constitutes an abuse of discretion and is contrary to law."

{¶ 5} We must first address the issue of appellant's driver's license suspension, which presents an issue outside the assignment of error as discussed in the briefs. R.C. 2925.03(D) mandates the driver's license suspension of an offender who is convicted of or pleads guilty to a violation of R.C. 2925.03(A). A court has no power to substitute a sentence different from that provided for by

statute. *Colegrove v. Burns* (1964), 175 Ohio St. 437, 438, 25 O.O.2d 447, 195 N.E.2d 811. "The court may only pronounce the judgment provided by law." *State v. Bilder* (1987), 39 Ohio App.3d 135, 529 N.E.2d 1292, citing *Dillon v. State* (1883), 38 Ohio St. 586, 1883 WL 10, syllabus. See, also, *State v. Burnett* (2001), 93 Ohio St.3d 419, 431, 755 N.E.2d 857. "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 14 OBR 511, 471 N.E.2d 774. Where the sentence is void because it does not contain a statutorily mandated term, the proper remedy is to resentence the defendant. *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23.

{¶ 6} In this case, our review of the record reveals that the trial court did, in fact, verbally impose the mandated license suspension at the sentencing hearing. Nevertheless, even though the court's docket sheet refers to the imposition of the suspension, this part of appellant's sentence was omitted from the final judgment entry. While the omission may have been inadvertent, it is well established that a court speaks only through its journal entries, not through its oral pronouncements. *Kaine v. Marion Prison Warden* (2000), 88 Ohio St.3d 454, 455, 727 N.E.2d 907; *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, 281, 58 O.O. 51, 131 N.E.2d 390. Consequently, since appellant's statutorily mandated license suspension was completely omitted, the judgment entry is void. Therefore, no appeal can be taken, for a "void judgment is necessarily not a final appealable order." See *Short v. Short* (Apr. 8, 2002), 6th Dist. No. F–02–005, 2002 WL 537990, at *2, citing *Reed v. Montgomery Cty. Bd. of Mental Retardation & Dev. Disabilities* (Apr. 27, 1995), 10th Dist. No. 94APE10–1490, 1995 WL 250810.

{¶ 7} Accordingly, this appeal is dismissed, and the case is remanded to the Ottawa County Court of Common Pleas for proceedings consistent with this decision. Court costs of this appeal are assessed equally between appellant and appellee.

Appeal dismissed.

HANDWORK and PARISH, JJ., concur.