DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant/Cross-Appellee, the State of Ohio, and Appellee/Cross-Appellant, Larry Bashlor, appeal from the judgment of the trial court re-sentencing Appellee/Cross-Appellant, Larry Bashlor. We affirm.
 I. {¶ 2} On October 18, 2002, Appellee/Cross-Appellant, Larry Bashlor, pled guilty to charges of illegal manufacturing of drugs, a first-degree felony and illegal assembly or possession of chemicals for manufacture of drugs, a third-degree felony. The trial court accepted Bashlor's plea, reviewing the terms of the plea *Page 2 
agreement and noting that at the conclusion of his sentence, Bashlor would be released on post-release control sanctions. Bashlor indicated his understanding of the terms of the plea agreement and the imposition of post-release control. The parties agreed to a five-year sentence. The trial court then sentenced Bashlor to five years for each count, to be served concurrently, costs, and a six-month driving suspension to commence on the day Bashlor was placed on post-release control.
 {¶ 3} On April 10, 2006, Bashlor filed a motion for judicial release. The trial court denied his motion on May 8, 2006. On August 11, 2006, the trial court re-sentenced Bashlor, sua sponte, pursuant to R.C.2929.191 because the trial court did not set forth the time period of Bashlor's post-release control obligation at his original sentencing hearing. Two entries were issued from the August 11, 2006 re-sentencing. The first entry imposed a sentence to "include all of the previous terms and conditions" and referenced a "post-release control entry" ("Judgment Entry One"). The second entry was entitled "Post-Release Control Entry" and imposed a mandatory five-year term of post-release control ("Judgment Entry Two"). Judgment Entry One and Judgment Entry Two shall be collectively referred to as the "Judgment Entry."
 {¶ 4} On September 7, 2006, Bashlor appealed the trial court's decision. On April 30, 2007, this Court dismissed Bashlor's appeal, finding that the trial court's order was not final and appealable. SeeState v. Bashlor, 9th Dist. No. 06CA009009, 2007-Ohio-2039 ("BashlorI "). More specifically, this Court *Page 3 
determined that Bashlor's sentence was not a final, appealable order because the judgment entries did not set forth the findings or Bashlor's complete sentence. We held that the trial court failed to set forth a finding of guilt in its judgment entry. Instead, the entry stated that Bashlor "has been sentenced" for the offenses of illegal manufacture of drugs and illegal assembly or possession of chemical for manufacture of drugs. We determined that this language was not sufficient to satisfy Crim.R. 32(C) and that the court must instead make a present finding of guilt in order to comply with Crim.R. 32(C). See State v. Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353, at ¶ 12-16. See, also, State v.Meese, 5th Dist. No. 2005AP11075, 2007-Ohio-742, at ¶ 8.
 {¶ 5} In addition, we determined that the judgment entry failed to set forth Bashlor's complete sentence, as required under Crim.R. 32(C). Judgment Entry One stated that "Defendant's sentence shall include all of the previous terms and conditions imposed." Judgment Entry Two merely indicated that Bashlor was already sentenced and then imposed a mandatory five-year term of post-release control.
 {¶ 6} On June 22, 2007, the trial court held yet another re-sentencing hearing for Bashlor. In the hearing, the trial court stated that it believed it possessed the ability to re-determine Bashlor's sentence because the original sentence was void. Accordingly, the trial court re-sentenced Bashlor to a term of four-years incarceration on both counts. In addition, the trial court sentenced *Page 4 
Bashlor to five years of post-release control. The trial court ordered the sentences to be served concurrently. The trial court gave Bashlor credit for time served, which amounted to time in excess of four years.
 {¶ 7} Both the State and Bashlor timely appealed the trial court's June 22, 2007 re-sentencing. We consolidated the appeals for purposes of our review. Each party has raised one assignment of error for our review. We have combined the parties' assignments of error as they are interrelated.
 II. BASHLOR'S ASSIGNMENT OF ERROR "THE TRIAL COURT'S `AFTER-THE-FACT' IMPOSITION OF POSTRELEASE CONTROL VIOLATED BASHLOR'S RIGHT TO DUE PROCESS, AS WELL AS HIS RIGHT TO BE FREE FROM DOUBLE JEOPARDY AND EX POST FACTO LEGISLATION. ARTICLE I, SECTION 10, UNITED STATES CONSTITUTION; R.C. 2953.08. "
 THE STATE'S ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED WHEN IT CONDUCTED A NEW SENTENCING HEARING FOR [BASHLOR]."
 {¶ 8} In his sole assignment of error, Bashlor contends that the trial court erred in holding an "after-the-fact" re-sentencing hearing to add post-release control obligations to his sentence. Bashlor further contends that the post-release control notification violated his right to due process and his protection against double jeopardy. He asserts that because the trial court was not permitted to impose a further sanction "after-the-fact", this Court should vacate the provision *Page 5 
of the June 22, 2007 sentencing entry that ordered him to serve this post-release control term. We disagree.
 {¶ 9} We are mindful that an appellant's assignment of error provides a roadmap for the court and directs this Court's analysis of the trial court's judgment. See App.R. 16(A). The State's assignment of error directs this Court to consider whether the trial court erred when it conducted a new sentencing hearing for Bashlor after this Court inBashlor I remanded the matter because it lacked a final, appealable order. However, the State asserts within this assignment of error, that the trial court abused its discretion when it imposed a lesser sentence during the re-sentencing hearing in light of the prior agreement among the parties and the trial court. The State has failed to separately address this argument. See App.R. 16(A); See also, Loc.R. 7(B)(7). The Rules of Appellate Procedure clearly state that we "may disregard an assignment of error presented for review if the party raising it fails * * * to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2). For these reasons we will disregard the State's contention that the trial court abused its discretion when it imposed a lesser sentence during the re-sentencing.
 {¶ 10} We proceed with the contention that the trial court erred in conducting a new sentencing hearing. A felony sentence that does not contain a statutorily mandated post-release control term is invalid and void. State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, at ¶ 9;State v. Jordan, 104 Ohio St.3d 21, *Page 6 2004-Ohio-6085, at ¶ 23. The effect of a void sentence is just as though the initial sentencing had not occurred. Bezak, supra, at ¶ 12. In that instance, the judgment is a nullity and the parties are in the same position as if the defendant had never been sentenced. Id. Accordingly, when a trial court determines that a sentence is void, "`the proper remedy'" is re-sentencing the defendant. Bezak, supra, at ¶ 10, quotingJordan, supra, at ¶ 23. A defendant can only be re-sentenced to post-release control while he or she is still serving the sentence imposed. Bezak, supra, at ¶ 18.
 {¶ 11} Bashlor asserts that the State waived its right to raise the lack of a post-release control notification because it failed to object to his original sentence and/or appeal his original sentence. However, the record reflects that the trial court re-sentenced Bashlor sua sponte. The State has not raised any issues regarding deficiencies in Bashlor's sentence. Without this post-release control notification, Bashlor's sentence was void. Bezak, supra, at ¶ 12. The State's failure to appeal a void sentence does not affect the trial court's duty to impose sentence according to law. See State v. Thomas (1996),111 Ohio App.3d 510, 512-13. Moreover, Bashlor was sentenced after the July 11, 2006 enactment of R.C. 2929.191, which provides that the trial court can re-sentence a defendant whose original sentence lacked a post-release control term. See R.C. 2929.191(B)(1). Furthermore, R.C. 2929.191(B)(1) does not condition the trial *Page 7 
court's ability to re-sentence a defendant on whether the State objected and/or appealed the lack of a post-release control notification.
 {¶ 12} Bashlor also argues that the trial court's re-sentencing violated his constitutional rights under the double jeopardy and due process clauses. We find no merit in these contentions. The Supreme Court, in reliance on State v. Beasley (1984), 14 Ohio St.3d 74, explained that when a sentence is void, re-sentencing does not violate a defendant's right to be free from double jeopardy. Bezak, supra, at ¶ 10. Two of our sister courts have specifically examined the due process challenge levied by Bashlor, and have rejected this argument. See State v. Ramey, 10th Dist. No. 06AP-245, 2006-Ohio-6429; State v.Rutherford, 2d Dist. No. 06CA13, 2006-Ohio-5132. In Ramey, the Tenth District Court of Appeals explained:
 "Defendant fails to direct this court to any case law establishing that a trial court's correction of an illegal sentence must be accomplished within a specified time period before an offender's release from incarceration. Indeed, as noted, * * * a trial court retains authority to correct void sentencing orders as long as the defendant has not served out his sentence." (Internal citations and quotations omitted.) Id. at ¶ 19.
Here, as in Ramey, the trial court was permitted to impose the mandatory post-release control term because the re-sentencing occurred before Bashlor had served out his felony sentence.
 {¶ 13} "`Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void.'" State v. *Page 8 Gilmer, 160 Ohio App.3d 75, 2005-Ohio-1387, at ¶ 5, quotingBeasley, 14 Ohio St.3d at 75. Further, "[w]here [a] sentence is void because it does not contain a statutorily mandated term, the proper remedy is to re-sentence the defendant." Gilmer, supra, at ¶ 5, citingJordan, supra, at ¶ 23.
 {¶ 14} Here, Bashlor's initial sentence did not contain a post-release control term. Accordingly, the trial court had authority to re-sentence Bashlor. Gilmer, supra, at ¶ 5; Bezak, supra, at ¶ 10; Jordan, supra, at ¶ 23. On August 11, 2006, while still serving his five-year sentence, the trial court re-sentenced Bashlor. At that re-sentencing hearing, Bashlor was fully informed of his post-release control obligations and re-sentenced to five years incarceration. In Bashlor I, this Court determined that the journal entry from which Bashlor appealed did not contain the language required under Crim.R. 32. Accordingly, that sentence was not a final judgment. Miller, supra, at ¶ 20. Because the initial sentence was void and the August 11, 2006 sentence was not a final judgment, the trial court had authority to reconsider Bashlor's sentence. See Vanest v. Pillsbury (1997), 124 Ohio App.3d 525, 533-34 n. 4, (stating that a trial court may reconsider non-final orders), citingPitts v. Ohio Dept. of Trans. (1981), 67 Ohio St.2d 378. See also,Whetzel v. Starkey (Nov. 29, 2000), 7th Dist. No. 99 BA 42, at *3 (explaining that a trial court can reconsider non-final judgments). The trial court, therefore, had the authority to re-sentence Bashlor. On June 22, 2007, Bashlor was re-sentenced to a term of four-years incarceration on both counts as well as to five years of post-release *Page 9 
control. We find that the trial court had the authority to re-sentence Bashlor on June 22, 2007 and to include post-release control obligations.
 {¶ 15} Lastly, we note Bashlor's contention that the trial court's "after-the-fact" imposition of the post-release control term violated his Fifth Amendment protection against multiple punishments. We need not reach this argument because Bashlor was not sentenced to multiple punishments. As we have explained herein, the trial court failed to impose a valid sentence until the June 22, 2007 re-sentencing.
 {¶ 16} As we find no error in the trial court's June 22, 2007 re-sentencing hearing in which it imposed the statutorily mandated post-release control term, we overrule both the State's and Bashlor's assignments of error.
 III. {¶ 17} The State and Bashlor's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into *Page 10 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant/Cross-Appellee.
DICKINSON, J. CONCURS