DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} The State of Ohio appeals the judgment of the Lorain County Court of Common Pleas, which resentenced appellee, Thomas M. Holmes. This Court reverses.
 I. {¶ 2} On February 6, 2001, Holmes was indicted on one count of felonious assault with a firearm specification in violation of R.C.2903.11(A)(2), a felony of the second degree; one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree; one count of domestic violence in violation of R.C. 2919.25(A), a felony of the fifth degree; and one count of *Page 2 
intimidation in violation of R.C. 2921.04(B), a felony of the third degree. The matter proceeded to trial, at the conclusion of which the jury found Holmes guilty of all counts. The trial court issued a judgment entry of conviction and sentencing on February 15, 2001, purportedly sentencing Holmes to an aggregate 23 years in prison. Holmes appealed his sentence, arguing that the trial court erred by imposing consecutive and maximum sentences. This Court affirmed the trial court's judgment. State v. Holmes (Jan. 30, 2002), 9th Dist. No. 01CA007805.
 {¶ 3} On April 5, 2005, Holmes filed motions for appointment of counsel, to issue subpoenas, for leave to file a delayed motion for new trial, and for a finding that he was unavoidably prevented from discovering new evidence. He further filed a delayed motion for a new trial. The trial court denied Holmes' motions, and he appealed. This Court affirmed the trial court's judgment. State v. Holmes (Mar. 22, 2006), 9th Dist. No. 05CA008711.
 {¶ 4} On November 16, 2006, Holmes filed a pro se motion for resentencing, asserting in part that the trial court failed to inform him at the original sentencing that he was subject to post release control. On February 20, 2007, counsel for Holmes filed an amended motion for resentencing, further substantiating the earlier motion. On April 19, 2007, Holmes filed a pre-sentence brief. The State filed its opposition to resentencing on April 23, 2007. The then-sitting judge scheduled the matter for resentencing hearing on April 26, 2007. The trial court rescheduled the resentencing hearing for May 8, 2007, "[b]ased upon *Page 3 
the court's schedule and the number of witnesses the State has indicated they [sic] will call."
 {¶ 5} At resentencing hearing, the trial court heard from defense counsel, Holmes, and a victim advocate. The trial court further considered Holmes' behavior and participation in various rehabilitation programs while incarcerated at Lorain Correctional Institution for the instant offenses. In addition, the trial court considered Holmes' inmate evaluation record, including written comments by his "boss at the institution," a drug and alcohol rehabilitation coordinator, and a couple of unidentified "volunteers." The trial court did not allow the State to present any evidence related to the time period beyond Holmes' initial sentencing date in 2001. After the trial court judge left the bench, the State proffered statements by the assistant prosecutor, the original sentencing judge regarding her reasons for imposing the original sentence, and Dr. Paul Matus regarding the victim's injuries.
 {¶ 6} On May 9, 2007, the trial court issued a judgment entry of conviction and sentence, by which the court sentenced Holmes to prison for three years on the first felonious assault and three years for the gun specification, for a total of six years incarceration. Holmes had satisfied that period by the time of the resentencing hearing. The trial court further sentenced Holmes to community control sanctions for the remaining felonious assault (F-2), intimidation (F-3), and domestic violence (F-5) counts. The court further ordered that violation of the *Page 4 
community control sanction would lead to a more restrictive sanction, a longer sanction, or a prison term of 23 years. Appended to the judgment entry of conviction and sentence is a document signed by the judge, enumerating the specific conditions of supervision which Holmes must meet. That document was dated April 20, 2007, eighteen days prior to the resentencing hearing at which the trial court "heard" the matter.
 {¶ 7} The State requested leave to file the instant appeal. This Court granted leave. The State raises two assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED WHEN IT CONDUCTED A NEW SENTENCING HEARING FOR APPELLEE."
 {¶ 8} The State argues that the trial court erred by conducting a de novo sentencing hearing for Holmes. This Court disagrees.
 {¶ 9} The State relies on this Court's decision in State v.Miller, 9th Dist. No. 06CA0046-M, 2007-Ohio-1353, for the proposition that a trial court need only issue a sentencing entry which complies with Crim.R. 32, upon remand for lack of a final, appealable order. The State further relies on the Ohio Supreme Court's decision in State v.Evans, 113 Ohio St.3d 100, 2007-Ohio-861, for the proposition that it is not appropriate to vacate and remand an entire sentence when the error in sentencing pertains only to a sanction imposed for a specification. This Court finds the State's reliance misplaced. *Page 5 
 {¶ 10} Neither the sentence in Miller nor the sentence inEvans was rendered void due to the trial court's errors. On the other hand, the Ohio Supreme Court has recently held:
 "When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, at syllabus.
The effect of a void sentence is "as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." Id. at ¶ 12, quotingRomito v. Maxwell (1967), 10 Ohio St.2d 266, 267-268; see, alsoState v. Bashlor, 9th Dist. Nos. 07CA009199, 07CA009209, 2008-Ohio-997, at ¶ 10. The Supreme Court held that, where the trial court has failed to notify a defendant that he may be subject to postrelease control, the sentence is void and must be vacated and the matter remanded to the trial court for resentencing as if there had been no original sentence.Bezak at ¶ 16; see, also Bashlor at ¶ 10.
 {¶ 11} R.C. 2929.19(A)(1) mandates that a trial court hold a hearing before imposing sentence upon an offender who was convicted or pled guilty to a felony. As Holmes' original sentence was void, it was as though he had never been sentenced. Accordingly, the trial court was obligated to hold a hearing prior to sentencing him in May 2007. The State's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II *Page 6 "THE TRIAL COURT IMPOSED A SENTENCE CONTRARY TO LAW UPON APPELLEE DURING THE RE-SENTENCING HEARING."
 {¶ 12} The State argues that the trial court erred by imposing a sentence contrary to law. This Court agrees.
 {¶ 13} First, the State argues that the trial court pre-judged this matter, determining what it believed to be an appropriate sentence without first conducting a fair hearing. This Court agrees.
 {¶ 14} Again, R.C. 2929.19(A)(1) mandates that the trial court hold a hearing prior to imposing sentence. In this case, the trial court initialed a document dated April 20, 2007, eighteen days prior to the sentencing hearing, which document set forth the specific conditions of Holmes' supervision while on community control. Based on the date of the document, it appears that the trial court had decided to impose only so much prison time as Holmes had already served and to merely further subject him to community control. Accordingly, the record demonstrates that the trial court had taken steps to impose sentence prior to the sentencing hearing in contravention of law.
 {¶ 15} Second, the State argues that the trial court failed to make the findings necessary to depart downwardly from the imposition of a prison term in connection with the second count of felonious assault, a felony of the second degree. This Court agrees. *Page 7 
 {¶ 16} R.C. 2929.13(D)(1) enunciates the presumption that, for a felony of the second degree, a prison term is necessary to comply with the purposes of sentencing under R.C. 2929.11, that is, to punish the offender and protect the public from harm. R.C. 2929.13(D)(2) allows the trial court to impose community control sanctions in lieu of prison notwithstanding that presumption only upon finding both that the community control sanction would adequately punish the offender and protect the public from future crime, and that the imposition of a community control sanction would not demean the seriousness of the offense. R.C. 2929.13(D)(2)(a) and (b).
 {¶ 17} The Ohio Supreme Court has held in relevant part:
 "A trial court at sentencing is required to make judicial findings * * * for a downward departure pursuant to R.C. 2929.13(D)* * *.
 "When findings under R.C. 2929.13(D) * * * are missing from the appellate record, the appellate court shall remand the case to the sentencing court to state on the record the required findings pursuant to R.C. 2953.08(G)(1), after which the appellate court shall either affirm or modify the sentence, or vacate the sentence and remand the case for a hearing de novo if the sentence is contrary to law." State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, paragraphs one and two of the syllabus.
 {¶ 18} In this case, the trial court failed to make the requisite findings pursuant to R.C. 2929.13(D)(2), when it sentenced Holmes to community control sanctions in lieu of prison on the second count of felonious assault, a felony of the second degree. *Page 8 
 {¶ 19} Third, the State argues that the trial court imposed a sentence contrary to law when it ordered that Holmes would be subject to prison term of 23 years if he violates any of the terms of his sentence. Holmes responds that the trial court in fact spelled out the consequences for any violation of postrelease control. Holmes here confuses the term of postrelease release control which may be imposed by the Ohio Adult Parole Authority for count one, and community control which is the sentence imposed by the court for counts two, three and four. This Court finds the State's argument well taken.
 {¶ 20} R.C. 2929.15(B) provides in relevant part:
 "If the conditions of a community control sanction are violated * * * the sentencing court * * * may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. The prison term, if any, imposed upon a violation pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code."
 {¶ 21} Here, the trial court imposed community control sanctions for one count of felonious assault, a felony of the second degree; one count of intimidation, a felony of the third degree; and one count of domestic violence, a felony of the fifth degree. R.C. 2929.14(A)(2), (3) and (5) provide that the maximum prison sentences which may be imposed for a felony of the second, third and fifth degrees, respectively, are eight years, five years and twelve months. Therefore, even if the trial court were to impose a term of imprisonment on *Page 9 
Holmes for violations of the community control sanctions on all three counts, the court could not have imposed a sentence greater than fourteen years. Accordingly, the trial court's order that Holmes could be subject to a prison term of twenty-three years for a violation of community control sanctions is contrary to law.
 {¶ 22} Fourth, the State argues that the trial court erred by failing to advise Holmes of his appellate rights pursuant to Crim.R. 32(B). This Court agrees.
 {¶ 23} Crim.R. 32(B) provides:
 "(1) After imposing sentence in a serious offense that has gone to trial, the court shall advise the defendant that the defendant has a right to appeal the conviction.
 "* * *
 "(3) If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court shall also advise the defendant of all of the following:
 "(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;
 "(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;
 "(c) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;
 "(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf."
Crim.R. 2(C) defines "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." *Page 10 
 {¶ 24} Here, the trial court imposed sentence in four serious offenses which had gone to trial. However, the trial court failed to notify Holmes of his appellate rights after imposing sentence at the sentencing hearing. In addition, while the judgment entry indicates that Holmes and his counsel were afforded the opportunity to speak and present any information in mitigation of punishment pursuant to Crim.R. 32(A), any reference in the judgment entry to Crim.R. 32(B) is conspicuously absent. Accordingly, the trial court erred by failing to advise Holmes of his appellate rights pursuant to Crim.R. 32(B) after imposing sentence. Further, this is not the case where such error is harmless because the defendant timely appealed and, therefore, could demonstrate no prejudice. Cf. State v. Middleton, 12th Dist. No. CA2004-01-003,2005-Ohio-681, at ¶ 25. In this case, Holmes did not appeal. Therefore, the State's assertion of error in this regard is well taken.
 {¶ 25} Finally, the State argues the sentence is contrary to law because the trial court did not afford the State the opportunity to present information relevant to the imposition of sentence. This Court agrees.
 {¶ 26} R.C. 2929.19(A)(1) provides that, at the mandatory pre-sentencing hearing, the offender, prosecuting attorney, and victim or victim's representative "may present information relevant to the imposition of sentence in the case." While the trial court continued the sentencing hearing in part due to the number of witnesses the State indicated it would present, the trial court refused to allow the *Page 11 
State to present its witnesses. The State ultimately proferred the statements of two witnesses after the trial judge left the bench. On the other hand, the trial court allowed the defense to present information regarding Holmes' behavior and circumstances, even during his incarceration, including statements from unidentified "volunteers" at Lorain Correctional Institution. Under these circumstances, the trial court erred by refusing to allow the State to present like information relevant to the imposition of sentence.
 {¶ 27} Based on the above analysis, the trial court erred by imposing a sentence contrary to law. Accordingly, the matter is remanded to the trial court for resentencing in compliance with law.
 {¶ 28} The State's second assignment of error is sustained.
 III. {¶ 29} The State's first assignment of error is overruled. The State's second assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal. *Page 12 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
 SLABY, J., MOORE, J., CONCUR. *Page 1