[Cite as *State v. Singleton*, 2014-Ohio-1115.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 25889 |
| v. | : | T.C. NO. 13CRB4522 |
| JAN SINGLETON | : | (Criminal appeal from Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____21st_____ day of _____March_____, 2014.

. . . . . . . . . .

CARMILLE L. AKANDE, Atty. Reg. No. 0079196, Assistant City Attorney, 101 W. Third Street, P. O. Box 22, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

THADDEUS HOFFMEISTER, Atty. Reg. No. 0081977, University of Dayton Law Clinic, 300 College Park, Dayton, Ohio 45469
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

        **{¶ 1}**  Jan L. Singleton appeals from a judgment of the Dayton Municipal Court, Criminal Division, which found him guilty on his no contest plea of failing to obey a legal order of a housing inspector, a misdemeanor of the third degree.  The trial court

sentenced Singleton to 60 days in jail, imposed a $500 fine, and ordered him to pay court costs. The court's judgment also stated that Singleton was "ordered not to transfer or obtain any new properties." Singleton appeals, challenging only the portion of his sentence that prohibited him from acquiring any new properties.

{¶ 2} Singleton owns property at 401-403 Wyoming Street in Dayton. In April 2012, he was cited for several issues related to the structural soundness of the property, including lack of operational and structurally sound doors and windows, peeling paint and metal surfaces, missing and damaged siding, and a damaged fence, driveway, steps, and walkway. At his plea hearing, Singleton asserted that his financial situation had prevented him from rehabilitating the property and bringing it into compliance with the city's requirements. He also stated that he owned 68 properties (not all of which have structures), but that he gets income from only one. He had no other source of income; he lived on and attempted to renovate his other properties with that income. Many of his properties had "clouded" titles and were "really not marketable" until he could clear the title and/or repair them.

{¶ 3} After accepting his no contest plea, the trial court sentenced Singleton as described above. Defense counsel objected to the court's requirement that Singleton not be allowed to obtain any new properties.

{¶ 4} Singleton appeals from his sentence, challenging the court's authority to impose a condition on his behavior in addition to the maximum sentence. Singleton seems to acknowledge that the trial court could have imposed such a condition as part of a community control sanction, but he was not sentenced to community control. He also

argues that the condition was improper because it was "indefinite," exceeding the statutory maximum of five years for community control sanctions (R.C. 2929.25(A)(2)) and "overbroad," because it was not tied to the success of his efforts to come onto compliance.

{¶ 5}    The State concedes that the sentence imposed by the trial court was improper to the extent that it prohibited Singleton from acquiring property, because the sentence was not provided by law, and a trial court may not impose a community control sanction in addition to the maximum penalty.  *See, e.g, State v.  Bilder*, 39 Ohio App.3d 135, 529 N.E.2d 1292, syllabus (9th Dist.1987) (holding trial court could not forbid access to a governmental building, except when conducting official business, as a condition of a sentence for public indecency, because such a sanction was not authorized by statute); *State v.  Jerido*, 5th Dist. Stark No.  97-CA-265, 1998 WL 400919 (May 26, 1998) (holding banishment from visiting a county to be an unauthorized criminal sanction); *State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 79, ¶ 5, ¶ 8 (8th Dist.) (lifetime ban from a shopping mall held to be impermissible because it was unauthorized, community control was not available in conjunction with prison sentence, and community control sanctions could not exceed five years.)

{¶ 6}    We agree with the parties that 1) the trial court erred in imposing a sanction in the nature of a community control sanction when Singleton was not placed on community control and received the maximum jail sentence,  2) the sanction was indefinite, and 3) the sanction was not conditioned on – and could not be discharged by – compliance with the housing orders at issue in the case.

{¶ 7}    The assignments of error are sustained.

{¶ 8}   The portion of the trial court's sentence restricting Singleton's ability to transfer property will be vacated.   In all other respects, the judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Carmille L. Akande
Thaddeus Hoffmeister
Hon. Deirdre E. Logan