[Cite as *State v. Yingling*, 2021-Ohio-2972.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

Appellee

v.

Justin Yingling

Appellant

Court of Appeals No.  WD-20-074
WD-20-075

Trial Court No.  2018CR0104
2018CR0491

**DECISION AND JUDGMENT**

Decided:  August 27, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is a consolidated appeal from the judgments of the Wood County Court

of Common Pleas, finding appellant, Justin Yingling, in violation of the terms of his

community control, and sentencing him to two consecutive 12-month prison terms. For the reasons that follow, we affirm, in part, and dismiss the appeal, in part.

## I. Facts and Procedural Background

{¶ 2} On March 22, 2018, the Wood County Grand Jury indicted appellant on multiple charges in case No. 2018CR0104, including failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a felony of the third degree, and operating a vehicle under the influence in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(a), a misdemeanor of the first degree.

{¶ 3} On April 3, 2018, appellant entered an initial plea of not guilty, and bond was set at his own recognizance.

{¶ 4} On May 1, 2018, appellant failed to appear for a pretrial hearing, and a nationwide warrant was issued for his arrest. In addition, appellant was charged in case No. 2018CR0491 with failure to appear as required by recognizance in violation of R.C. 2937.99(A) and (B), a felony of the fourth degree.

{¶ 5} On October 23, 2018, in case No. 2018CR0104, appellant entered a guilty plea to the amended count of failure to comply in violation of R.C. 2921.331(B) and (C)(4), a felony of the fourth degree, and the count of operating a motor vehicle under the influence in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(a), a misdemeanor of the first degree. At the same time, in case No. 2018CR0491, appellant entered a guilty plea to the

2.

count of failure to appear in violation of R.C. 2937.99(A) and (B), a felony of the fourth degree.

{¶ 6} Sentencing on both cases was held on December 4, 2018. At the sentencing hearing, in case No. 2018CR0104, the trial court sentenced appellant to three years of community control, and reserved an 18-month prison sentence on the count of failure to comply, and a six-month sentence on the count of operating a motor vehicle under the influence. In case No. 2018CR0491, the trial court similarly sentenced appellant to three years of community control, and reserved an 18-month prison sentence on the count of failure to appear.

{¶ 7} On July 25, 2019, the state filed a petition for revocation of community control in both cases. The matter came before the court for a hearing on August 13, 2019, at which appellant admitted that he violated the terms of his community control. Upon appellant's admission, the trial court ordered that appellant remain on community control in both cases, with the added condition that he serve 30 days in jail at the Wood County Justice Center.

{¶ 8} On June 1, 2020, the state filed a second petition for revocation of community control in both cases. A community control violation hearing was held on July 14, 2020, at which appellant admitted to committing the violation. In imposing sentence, the trial court remarked that it has tried every avenue with appellant: appellant has been on community control, served time in the local jail, been in the Zeph Recovery

3.

House, been in the Ohio Treatment Center, has participated in the SEARCH program, had intense supervision throughout his time on community control, and has had random testing and weekly reporting. Despite all of these attempts, appellant has continued to use illicit substances, including fentanyl. Therefore, in case No. 2018CR0104, the trial court sentenced appellant to serve 12 months in prison on the count of failure to comply, and six months on the count of operating a vehicle under the influence. The trial court ordered that those terms be served concurrently. In case No. 2018CR0491, the trial court ordered appellant to serve 12 months in prison on the count of failure to appear. The court further ordered that the prison sentences in both cases be served concurrently for a total prison term of 12 months.

{¶ 9} On September 30, 2020, the trial court held a resentencing hearing in case No. 2018CR0104 based upon a determination that appellant's original sentence was void in that it failed to comply with R.C. 2921.331(D),[1] which provides that "[i]f an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." At the resentencing hearing, the trial court

---

[1] In the resentencing hearing transcript, the court commented that "These matters are back before the Court based upon a decision by the Court of Appeals indicating that the Court improperly sentenced the defendant and therefore his sentence was void. So I guess we're starting over with sentencing." Notably, the record contains no indication that the original July 16, 2020 judgment entry had ever been appealed to this court.

4.

imposed a 12-month prison sentence on the count of failure to comply, and a six-month sentence on the count of operating a vehicle under the influence. The court ordered those sentences to be served concurrently to each other, but consecutive to the 12-month prison sentence in case No. 2018CR0491, for a total prison term of 24 months.

## II. Assignment of Error

{¶ 10} Appellant filed a timely notice of appeal of his September 30, 2020 conviction in case No. 2018CR0104, and a delayed notice of appeal of his July 16, 2020 conviction in case No. 2018CR0491. We granted appellant's motion for a delayed appeal, and have consolidated the matters. Appellant now asserts one assignment of error for our review:

> The trial court did not comply with R.C. 2929.11 and R.C. 2929.12 in sentencing appellant to serve a term of twenty-four months in the Ohio Department of Rehabilitation and Corrections.

## III. Analysis

{¶ 11} Although the appeals have been consolidated, because of their unique procedural postures, we must address each case separately.

### 1. Case No. 2018CR0104

{¶ 12} First, although not addressed by the parties, we find the trial court's September 30, 2020 judgment entry in case No. 2018CR0104 to be a nullity, and thus it is not a final, appealable order. Because it is not a final, appealable order, we must

dismiss the appeal for lack of jurisdiction. *See State v. Wright*, 6th Dist. Lucas No. L-14-1167, 2015-Ohio-1269, ¶ 4 ("In the absence of a final appealable order, we must sua sponte dismiss this appeal for lack of subject-matter jurisdiction.").

{¶ 13} This case provides an illustration of the issues surrounding void and voidable judgments. "A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 43; *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 42. "[A void judgment] is a mere nullity and can be disregarded. It can be attacked in collateral proceedings." *Henderson* at ¶ 17. A voidable judgment, on the other hand, "is one pronounced by a court with jurisdiction." *Id.* "[U]nless it is vacated on appeal, a voidable judgment has the force of a valid legal judgment, regardless of whether it is right or wrong." *Id.*, citing *Tari v. State*, 117 Ohio St. 481, 494, 159 N.E. 594 (1927).

{¶ 14} Here, the trial court entered a final judgment of conviction on July 16, 2020. The court then determined that its judgment was void because it failed to comply with R.C. 2921.331(D), and so it resentenced appellant on September 30, 2020. This was erroneous. Because at the time, the trial court had subject-matter jurisdiction and personal jurisdiction over appellant, the July 16, 2020 judgment entry was not void, but merely voidable, even though it failed to comply with R.C. 2921.331(D). Thus, the July

6.

16, 2020 judgment entry was a final, appealable order, having the force of a valid legal judgment.

{¶ 15} Importantly, "[o]nce a final judgment has been issued pursuant to Crim.R. 32, the trial court's jurisdiction ends." *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, ¶ 9; *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 20, quoting *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338, 686 N.E.2d 267 (1997) ("trial courts lack authority to reconsider their own valid final judgments in criminal cases"). As a result, because the trial court lacked jurisdiction to resentence appellant on September 30, 2020, its judgment entry was not voidable, but was void. We cannot review the void judgment, and must dismiss the appeal, because "a void judgment is necessarily not a final appealable order." *State v. Gilmer*, 160 Ohio App.3d 75, 2005-Ohio-1387, 825 N.E.2d 1180, ¶ 6 (6th Dist.), overruled on other grounds by *Henderson* at ¶ 43.

{¶ 16} Accordingly, the September 30, 2020 judgment entry is void, and appellant's appeal from that judgment entry is dismissed.

## 2. Case No. 2018CR0491

{¶ 17} Turning to appellant's arguments as they pertain to his July 16, 2020 judgment of conviction in case No. 2018CR0491, appellant contends that his sentence is contrary to law because the trial court failed to comply with, or reference in any manner,

7.

the principles and purposes of sentencing in R.C. 2929.11 or the seriousness and recidivism factors in R.C. 2929.12.

{¶ 18} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 16. R.C. 2953.08(G)(2) allows us to "increase, reduce, or otherwise modify a sentence," or "vacate the sentence and remand the matter to the sentencing court for resentencing" if we clearly and convincingly find either "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or "(b) That the sentence is otherwise contrary to law."

{¶ 19} We will first address appellant's contention that the trial court failed to reference in any manner R.C. 2929.11 and 2929.12. R.C. 2929.11 and 2929.12 are mandatory provisions that the trial court must consider when imposing sentences. *See, e.g.*, R.C. 2929.11(A) ("A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing."); R.C. 2929.12(A) ("In exercising [the discretion to impose a sentence], the court shall consider the factors set forth in [divisions (B) through (F)] of this section."). However, "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20, citing *State v. Wilson*, 129 Ohio

8.

St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31.  Further, "where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes." *State v. Sims*, 6th Dist. Sandusky No. S-13-037, 2014-Ohio-3515, ¶ 10, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18, fn. 4.  "It is up to the defendant to rebut this presumption." *State v. Perkins*, 6th Dist. Sandusky No. S-18-010, 2019-Ohio-2049, ¶ 22, citing *State v. Rutherford*, 2d Dist. Champaign No. 08CA11, 2009-Ohio-2071, ¶ 34-35.

{¶ 20} Here, the trial court did not expressly state that it considered the principles and purposes of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12, at the July 14, 2020 sentencing hearing.  However, it did it include such a statement in its July 16, 2020 judgment entry, and it is axiomatic that "a court speaks through its journal entries." *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 12.  Furthermore, the transcript from the July 14, 2020 community control violation hearing reveals that the trial court considered appellant's substance abuse history, his work situation, the effectiveness of previous community control sanctions, and the need for punishment.  Therefore, we hold that the record demonstrates that the trial court considered R.C. 2929.11 and 2929.12 when it imposed its sentence, and consequently appellant's sentence is not clearly and convincingly contrary to law.  *See State v. Penn*, 6th Dist. Fulton No. F-20-004, 2021-Ohio-1761, ¶ 37 ("[W]here a trial court has considered the purposes and principles of sentencing in R.C. 2929.11, has

9.

considered the sentencing factors listed in R.C. 2929.12, has properly applied postrelease control, and has sentenced the defendant within the statutorily permissible range, the sentence was not clearly and convincingly contrary to law.").

{¶ 21} Relatedly, appellant argues that the trial court erred when it did not give appropriate weight to the sentencing factors, and that the resulting sentence was too harsh. Recently, however, the Ohio Supreme Court has clarified that appellant's argument is not appropriate for appellate review. In *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 42, the Ohio Supreme Court held that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." Therefore, we will not consider whether the trial court erred in how it applied R.C. 2929.11 and 2929.12. *State v. Buck*, 6th Dist. Wood No. WD-20-031, 2021-Ohio-1073, ¶ 9; *State v. Windon*, 6th Dist. Sandusky No. S-20-012, 2021-Ohio-617, ¶ 28.

{¶ 22} Accordingly, because appellant's sentence in case No. 2018CR0491 is not clearly and convincingly contrary to law, appellant's assignment of error is not well-taken.

### IV. Conclusion

{¶ 23} For the foregoing reasons, we find that the September 30, 2020 judgment of the Wood County Court of Common Pleas in case No. 2018CR0104 is void, and it is

10.

hereby vacated.  The July 16, 2020 judgment of the Wood County Court of Common

Pleas in case No. 2018CR0491 is affirmed.  The parties are ordered to evenly split the

costs of this appeal pursuant to App.R. 24.

Judgment affirmed,in part,
and dismissed, in part.

        A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                           _____
                                                   JUDGE

Christine E. Mayle, J.

                                                  _____
Gene A. Zmuda, P.J.                                             JUDGE
CONCUR.

                                                  _____
                                                   JUDGE

| |
|---|
| This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/. |